**Michael CANALE, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Docket 92–1173.**

United States Court of Appeals,
Second Circuit.

Submitted May 12, 1992.

Decided July 17, 1992.

Ellen C. Brotman (Feit & Schlenker, Albany, N.Y., of counsel), for petitioner.

Paul D. Silver, Asst. U.S. Atty. (Gary L. Sharpe, U.S. Atty., N.D.N.Y., Syracuse, N.Y.), for respondent.

Before FEINBERG, CARDAMONE, and PIERCE, Circuit Judges.

PIERCE, Circuit Judge:

Michael Canale, a defendant in a federal narcotics prosecution in the United States District Court for the Northern District of New York, moves to dismiss as untimely the government's appeal from an order of the district court, Con. G. Cholakis, *Judge,* granting Canale's motion to suppress evidence obtained through an electronic surveillance order. The motion to dismiss the appeal is denied.

## BACKGROUND

The relevant facts are not in dispute. On May 17, 1991, Michael Canale was indicted in the United States District Court for the Northern District of New York and charged in a single count with possessing marihuana with intent to distribute it, in violation of 21 U.S.C. § 841. Thereafter, Canale moved in the district court to suppress evidence obtained by the government pursuant to an electronic surveillance order. In a Memorandum Decision and Order entered January 24, 1992 ("January 24 Order"), the district court granted Canale's suppression motion finding that probable cause did not exist to support the order.

On February 24, 1992, the government filed a motion in the district court for reconsideration of the January 24 Order. On March 20, 1992, the district court, ruling from the bench, denied the government's motion as untimely pursuant to N.D.N.Y.Gen.R. 10(m).[1] Under this local rule of the district court, "[m]otions for reconsideration ... shall be filed and served not later than ten (10) days after the entry of the judgment, order, or decree concerned."[2] On the same day as the denial of the motion for reconsideration, the government filed a notice of appeal from the January 24 Order which granted the defendant's suppression motion. Canale has moved in this Court to dismiss the government's appeal from the January 24 Order as untimely pursuant to Fed. R.App.P. 4(b).

## DISCUSSION

The time period during which the government may file a notice of appeal in a

criminal case is governed by Fed.R.App.P. 4(b) which provides, in pertinent part, "[w]hen an appeal by the government is authorized by statute, the notice of appeal shall be filed in the district court within 30 days after the entry of (i) the judgment or order appealed from...."[3] However, in the case where a timely motion for reconsideration has been filed, the 30-day limitation period to file a notice of appeal runs from the date of the denial of the motion for reconsideration, rather than from the date of the judgment or order itself. See United States v. Ibarra, — U.S. —, —, 112 S.Ct. 4, 6, 116 L.Ed.2d 1 (1991) (per curiam); United States v. Dieter, 429 U.S. 6, 8, 97 S.Ct. 18, 19, 50 L.Ed.2d 8 (1976) (per curiam); United States v. Healy, 376 U.S. 75, 77–78, 84 S.Ct. 553, 554–555, 11 L.Ed.2d 527 (1964); see also United States v. Rodriguez, 892 F.2d 233, 235 (2d Cir.1989), cert. denied, 494 U.S. 1070, 110 S.Ct. 1791, 108 L.Ed.2d 792 (1990) ("Once the district court denies the motion [for reconsideration], the clock is reset to zero, and the full time for appeal 'begins to run anew from the date of the entry of the order disposing of the motion.'") (citation omitted).[4]

The issue presented herein is whether the time period for the government to file a notice of appeal began to run from the date of the entry of the suppression order or from the date of the denial of the government's motion for reconsideration; the latter was filed within the time period authorized for filing a notice of appeal, but was untimely for reconsideration purposes under a local district court rule. It is clear to us that, for purposes of appeal to this

---

1. On April 2, 1992, the district court embodied its oral denial of the government's motion for reconsideration in a written order.

2. We note that the District of Connecticut has a similar rule. See D.Conn.R.Crim.P. 1 (referring to D.Conn.R.Civ.P. 9(e)). It does not appear that the District of Vermont or the Southern, Eastern and Western Districts of New York have a local rule regarding the time period in which to file a motion for reconsideration in a criminal case.

3. Under 18 U.S.C. § 3731, the government, in a criminal case, is authorized to appeal, pretrial,

from an order of a district court suppressing evidence.

4. Although some courts discuss the issue as a matter of whether the motion for reconsideration "tolled" the 30-day period, see, e.g., Rodriguez, 892 F.2d at 235, "the issue is better described as whether the 30-day period began to run on the date of the first order or on the date of the order denying the motion for reconsideration, rather than as a matter of tolling." Ibarra, — U.S. at — n. 2, 112 S.Ct. at 5 n. 2.

Court, it began to run from the date the motion for reconsideration was denied.

While we are unaware of any rule of criminal or appellate procedure which addresses the subject of timeliness of a motion for reconsideration, *United States v. Martinez*, 681 F.2d 1248, 1252 (10th Cir. 1982) (per curiam), "[n]umerous decisions have found the government's interlocutory appeal to be timely ... when a motion for ... reconsideration was filed within thirty days following the order appealed from." *Id.* at 1253 (citing cases); *see, e.g., Ibarra,* —— U.S. at ——–——, 112 S.Ct. at 4–7.

The record is clear that the government filed its motion for reconsideration within thirty days of the district court's January 24 Order, and filed its notice of appeal on the same day the district court denied its motion for reconsideration as untimely. Hence, we are not faced here with a situation where the government, in filing its motion for reconsideration, was attempting "to rejuvenate an extinguished right to appeal." *See Healy*, 376 U.S. at 77, 84 S.Ct. at 555. Indeed, the government notes that "it would have been a simpler task to file a notice of appeal in the district court than to have filed the motion for reconsideration."

In sum, even though the government's motion for reconsideration was untimely under a local district court rule and the district court was not obliged to entertain the motion, for our purposes on appeal the time period for filing a notice of appeal began to run from the date the district court denied the government's motion for reconsideration. *Cf. Somlyo v. J. Lu–Rob Enter., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) ("Local Rules have the force of law, ..., to the extent that they do not conflict with rules prescribed by the Supreme Court, Acts of Congress, or the Constitution....").

## CONCLUSION

The motion to dismiss the appeal is denied.