**SLINGER DRAINAGE,
INC., Petitioner,**

v.

**ENVIRONMENTAL PROTECTION
AGENCY, Respondent.**

No. 99–1433.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 18, 2001.

Decided Jan. 30, 2001.

Gary R. Leistico argued the cause and filed the briefs for petitioner.

Scott J. Jordan, Attorney, United States Department of Justice, argued the cause for respondent. With him on the brief was Lois J. Schiffer, Assistant Attorney General.

Before: EDWARDS, Chief Judge, SENTELLE and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Chief Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Chief Judge:

Slinger Drainage Inc. ("Slinger") seeks review of a final decision of the Environmental Protection Agency's ("EPA's") Environmental Appeals Board. Slinger is in the business of installing drainage tile, and in this capacity used a Hoes Trenching Machine to install 26,000 linear feet of drainage tile over a 50–acre area. As a result, the EPA filed an administrative complaint against Slinger alleging that Slinger violated § 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a) (1994), by failing to secure a permit before discharging pollutant into wetland as required under § 404 of the Clean Water Act, 33 U.S.C. § 1344. The Administrative Law Judge found Slinger liable as alleged and assessed a Class II civil penalty of $90,000;

the Appeals Board affirmed both the finding of liability and the penalty. *In re Slinger Drainage, Inc.,* CWA Appeal No. 98–10, 1999 WL 778576 (Sept. 29, 1999), *reprinted in* Joint Appendix 39. Whatever the substance of Slinger's claims, this court has no jurisdiction to reach the merits in this case, because Slinger's notice of appeal was untimely.

■ In the case of an assessment of a Class II civil penalty, a party may obtain judicial review "by filing a notice of appeal in such court within the 30–day period beginning on the date the civil penalty order is issued." 33 U.S.C. § 1319(g)(8)(B). The Supreme Court has explained that "[j]udicial review provisions ... are jurisdictional in nature and must be construed with strict fidelity to their terms.... This is all the more true of statutory provisions specifying the timing of review, for those time limits are, as we have often stated, 'mandatory and jurisdictional,' ... and are not subject to equitable tolling." *Stone v. Immigration and Naturalization Serv.,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) *(quoting Missouri v. Jenkins,* 495 U.S. 33, 45, 110 S.Ct. 1651, 109 L.Ed.2d 31 (1990)). Under 33 U.S.C. § 1319(g)(8)(B), Slinger had 30 days to file its notice of appeal beginning on the date the order issued. As a statutory provision defining the timing of review within a judicial review provision, this 30–day period is jurisdictional.

The parties disagree on when the Appeals Board *issued* its order. Slinger asserts that the order issued on Thursday, September 30, 1999; the EPA argues that the order issued on Wednesday, September 29, 1999. For the purpose of assessing our jurisdiction, we assume, without deciding, that Slinger is correct and the order issued on Thursday, September 30, 1999. Even accepting this assumption, however, Slinger's notice of appeal was not timely.

■ 33 U.S.C. § 1319(g)(8)(B) specifies that the period for filing a notice of appeal runs for 30 days beginning on the day the

order issues. This provision does not, however, indicate any rules regarding the treatment of weekend days, holidays, or other potential exceptions. As a result, we look to Federal Rule of Appellate Procedure 26(a), which provides that Saturdays and Sundays are counted within the filing period, unless the last day of the period falls on a Saturday or Sunday. In particular, Rule 26(a) directs that we "[i]nclude the last day of the period unless it is a Saturday, Sunday [or] legal holiday." Under this provision, the court must include intermediate Saturdays and Sundays in computing the 30–day period. Thus, starting with the date Slinger asserts the order issued, Thursday, September 30, 1999, the 30–day period ended on Friday, October 29, 1999. Slinger filed its notice of appeal to this court on Monday, November 1, 1999—outside the legal time for filing its notice of appeal.

■ At oral argument Slinger asserted that Rule 26(a) governs how the 30–day period is computed. Were this the case, we would "[e]xclude the day of the act, event, or default that begins the period." FED. R.APP. P. 26(a). Thus, under Rule 26(a), we would not include the day the order issued, which would mean that the 30th calendar day fell on Saturday, October 30, 1999. Under this calculation, the 30th day for filing a notice of appeal would have been Monday, November 1, 1999, the day that Slinger filed.

■ Rule 26(a), however, does not apply when Congress has specified a particular method of counting in the statute itself and there is no indication of a contrary congressional intention. This was evident in *United Mine Workers of America v. Dole,* 870 F.2d 662, 665 (D.C.Cir.1989), where the court found that Rule 26(a) applied to the requirement in the Mine Act, 30 U.S.C. § 811(d) (1994), that a petition challenging a new standard be filed "prior to the sixtieth day after such standard is promulgated." The court explained that, because the cited statute made "no separate provision for the computation of time," "Con-

gress intended its time periods to be computed in accordance with the federal rule." *United Mine Workers,* 870 F.2d at 665. The court also noted the "continuing vitality" of the Supreme Court's reasoning in *Union National Bank v. Lamb,* 337 U.S. 38, 40–41, 69 S.Ct. 911, 93 L.Ed. 1190(1949), namely, "that the federal rules of procedure can be relied on for interpreting a statutory time period in the absence of any more statute-specific provisions or indication that Congress did not intend the rules to apply." *United Mine Workers,* 870 F.2d at 665 n. 2.

In this case, in contrast, the statute currently before us clearly establishes a separate provision for the computation of time: a person may obtain review by filing "within the 30–day period *beginning on the date the civil penalty issued.*" 33 U.S.C. § 1319(g)(8)(B) (emphasis added). And there is nothing to suggest that Congress did not intend precisely what it said in the statute. As a result, Slinger's notice of appeal was not timely, and this court has no authority to hear the merits of its claim. We dismiss the appeal for lack of jurisdiction.