**UNITED STATES of America,**
**Appellant**

v.

**Omar Ahmed KHADR, Appellee.**

**CMCR 08–003.**

United States Court of Military
Commission Review.

Oct. 3, 2008.

---

Military Commission, Guantanamo Bay, Cuba.

Military Judge: Peter E. Brownback, III, JA, USA (motion); Patrick A. Parrish, JA, USA (reconsideration).

For Appellant: Mr. Jordan A. Goldstein, Esq., U.S. Department of Justice; Major Jeffrey D. Groharing, USMC; Captain Keith A. Petty, JA, USA; Mr. John F. Murphy, Esq., U.S. Department of Justice.

For Appellee: Lieutenant Commander William C. Kuebler, JAGC, USN; Rebecca S. Snyder, Esq.

Before FRANCIS, FELTHAM, GEISER, Appellate Military Judges.

## OPINION OF THE COURT AND ACTION ON APPEAL BY THE UNITED STATES FILED PURSUANT TO 10 U.S.C. § 950d

FRANCIS, Deputy Chief Judge:

This case is before us on an interlocutory appeal by the Government [hereinafter Appellant], pursuant to 10 U.S.C. § 950d. Appellant contends the military judge erred as a matter of law when he struck certain portions of Charge III and its Specification as surplus language beyond that necessary to allege the statutory offense of conspiracy. We hold the appeal to be untimely, and accordingly dismiss it as beyond the appellate jurisdiction of the Court.

### Background

The charges against Mr. Khadr [hereinafter Appellee] referred for trial by military commission include, *inter alia*, a single charge and specification alleging conspiracy, in violation of 10 U.S.C. § 950v(b)(28). As referred, the specification alleged both that the Appellee "conspire[ed] and agree[d] with Usama bin Laden [and various other named and unnamed members of al Qaeda]" and that

he "willfully join[ed] an enterprise of persons, to wit: al Qaeda, ... that has engaged in hostilities against the United States...." Thus, the specification encompassed both an "agreement" and an "enterprise" theory of conspiracy liability. Both potential theories of liability are included in the elements of the offense of conspiracy set forth in the Manual for Military Commissions (M.M.C.) (2007). M.M.C. Part IV, paragraph 6(b)(28)(b).

On 11 January 2008, the defense moved to strike those portions of the specification alleging an "enterprise" theory of liability. The defense asserted that the statutory offense of conspiracy delineated by Congress under 10 U.S.C. § 950v(b)(28) does not encompass the "enterprise" theory of liability. The defense argued that, as a result, the Secretary of Defense's inclusion of such a theory of liability when defining the elements of conspiracy in the M.M.C. was beyond his authority.[1]

On 4 April 2008, the military judge granted the defense motion to strike that portion of the specification alleging an "enterprise" theory of liability. By the same ruling, the military judge invited the defense to address whether the language, "on September 11, 2001, and further attacks, continuing to date against the United States" should also be deleted from the specification. The defense requested deletion and, on 9 May 2008, the military judge granted a defense motion to strike this additional language from the specification.

On 11 July 2008, after appointment of a new military judge, Appellant moved for reconsideration of the first military judge's rulings on the defense motions to strike. The motion indicated in part that the contested rulings had also inadvertently deleted language concerning a "knowledge" ele-

ment required to prove the remaining "agreement" theory of liability.

On 14 August 2008, the new military judge denied the motion to reconsider the earlier rulings deleting the "enterprise" theory of liability language, but granted the Government's request to add back the "knowledge" element language required to prove the remaining "agreement" theory of liability. On 19 August 2008, Appellant filed a Notice of Appeal with both the military judge and this Court.

### Timeliness of Appeal

 The Military Commissions Act (M.C.A.) requires that notice of a government interlocutory appeal of an adverse order or ruling by a military judge be filed "within five days after the date of such order or ruling." 10 U.S.C. § 950d(b). This statutory requirement is reiterated in Rule for Military Commissions (R.M.C.) 908(b)(2). Such a statutory appeal limitation is "mandatory and jurisdictional", cannot be extended by a judge, and generally precludes this Court from entertaining appeals filed outside the stated period. *Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360, 2363–2364, 168 L.Ed.2d 96 (2007) (citations omitted).

A significant caveat to the above rule is that a timely request for reconsideration of an adverse order or ruling renders it "nonfinal for purposes of appeal as long as the petition is pending." *United States v. Ibarra,* 502 U.S. 1, 4, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991) (quoting from *United States v. Dieter,* 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976)). In such case, the applicable appeal period runs from the date the judge rules on the request for reconsideration.

---

**1.** 10 U.S.C. § 949a(a) authorizes the Secretary of Defense, in consultation with the Attorney General, to prescribe "pretrial, trial, and post-trial procedures, *including elements and modes of proof,* for cases triable by military commission." *Id.* (emphasis added).

The threshold question in the appeal now before the Court is thus whether Appellant's request for reconsideration of the judge's order striking the "enterprise" language was "timely" within the meaning of the above rule. If so, then the subsequent Government appeal, which was filed within five days of the judge's ruling on the request for reconsideration, is itself timely. If not, then the appeal is untimely and must be dismissed.

The M.C.A. makes no reference to requests for reconsideration within the context of a military commissions trial and thus provides no direct guidance on when such a request may be considered timely for purposes of a Government appeal under 10 U.S.C. § 950d(b). In the absence of such explicit statutory guidance, Appellant draws the Court's attention to two M.M.C. provisions. R.M.C. 801(e)(1)(B) states that a "military judge may change a ruling made by that or another military judge in the case[,] except a previously granted motion for a finding of not guilty,[2] [1] *at any time during the trial.*" *Id.* (emphasis added). Similarly, R.M.C. 905(f) provides that "[o]n request of any party or sua sponte, the military judge may, *prior to authentication of the record of trial, reconsider any ruling,* other than one amounting to a finding of not guilty, made by the military judge." *Id.* (emphasis added). Appellant argues that these provisions, promulgated by the Secretary of Defense under the authority granted him by the M.C.A.,[3] together make clear that a motion for reconsideration is timely if made at any time during the trial prior to authentication of the record. Accordingly, the appellant contends that the Government's motion for reconsideration in this case, though made more than three months after the judge's initial adverse ruling, was timely, as was the appeal made

from the judge's ruling on that motion. In support of this conclusion, Appellant points to this Court's earlier ruling denying a defense motion to dismiss a prior interlocutory appeal as untimely, wherein we cited both of the referenced R.M.C. provisions. *See United States v. Khadr,* 717 F.Supp.2d 1203, Ruling on Motion to Dismiss (19 September 2007) (Appendix).

■ We find no merit in Appellant's argument. The referenced R.M.C. provisions, which are regulatory only, cannot trump the time limitations expressed by Congress in 10 U.S.C. § 950d on the Government's ability to pursue an interlocutory appeal. Indeed, 10 U.S.C. § 949a(a) specifically states that any regulatory provisions promulgated by the Secretary of Defense in implementing the M.C.A. "may not be contrary to or inconsistent with" the terms of the Act. Acceptance of Appellant's position would render the five day appeal limitation set forth in 10 U.S.C. § 950d meaningless, in that the Government could revive and appeal an adverse ruling at any time prior to authentication of the record of trial, simply by first filing a motion for reconsideration.

Appellant's reliance on this Court's previous ruling, accepting a prior Government interlocutory appeal after the military judge denied a request for reconsideration, is misplaced. Although the Court in that decision did favorably cite the R.M.C. provisions pertaining to reconsideration as part of its rationale in finding that appeal timely, our ruling made clear that any motion for reconsideration also had to be *timely.* Appendix at 3. The distinction between that appeal and the one now at issue is that in the earlier litigation, the motion for reconsideration was itself made within five days of the adverse ruling.

---

**2.** This exception is not applicable to the ruling at issue here.

**3.** 10 U.S.C. § 949a(a), n. 1, *supra.*

Here, Appellant filed the motion for reconsideration on 19 August 2008, more than two months after the military judge finalized the content of the specification at issue on 9 May 2008, eliminating the language concerning the enterprise theory of liability.

■ We adopt the Supreme Court and other federal courts' approach to determining the timeliness of a reconsideration motion or a rehearing motion, at least for purposes of a later appeal from the judge's decision on such a motion. That is, for a motion for reconsideration to be considered timely, so as to render the underlying order or ruling "nonfinal" for purposes of a later appeal, the motion for reconsideration must itself be filed within the applicable time period for appeal. *See, e.g., Ibarra, supra* (holding a government interlocutory appeal was timely, when a motion for reconsideration was filed within the 30–day appeal period there at issue and the appeal from denial of that request was also taken within 30 days of the denial); *United States v. Healy,* 376 U.S. 75, 79, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964) (holding that "a rehearing petition, *at least when filed within the original period of review,* may also extend the time for filing a petition for certiorari ...." (emphasis added)); *United States v. Brewer,* 60 F.3d 1142, 1143 (5th Cir.1995) (stating "criminal case motions for reconsideration are timely *if filed within the time prescribed for noticing an appeal* ... and, so filed, they 'destroy the finality' of the underlying judgment .... '[t]he effect of a timely filed motion to reconsider is to extend the time in which to appeal so that it begins to run when the motion is denied.'" (internal citations omitted)(emphasis added)).

In reaching this conclusion, we note that the same approach has been deemed applicable in military courts-martial to government interlocutory appeals under Article 62, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 862. *United States v. Santiago,* 56 M.J. 610, 615–616 (N.M.Ct.Crim.App.2001). Appellant's discussion of that case correctly observes that decisions of the service courts of criminal appeals in construing provisions of the U.C.M.J. are not binding on this Court.[4] Nonetheless, we find the reasoning of the *Santiago* court persuasive, particularly since it dealt with application of interlocutory appeal and reconsideration provisions that are very similar, if not identical, to those at issue in the instant case.[5]

■ Applying the above to trials by military commission, we hold that for a motion for reconsideration to be "timely", such that it renders the underlying order or ruling non-final until a decision on the motion is rendered, the motion for reconsideration must itself be filed within the five-day appeal period mandated by 10 U.S.C. § 950d. Once a decision on a timely motion for reconsideration is issued, the Government then has five days to file a notice of appeal of that decision, if desired.

This does not mean that R.M.C. 905(f), which allows a party to request reconsideration of an adverse ruling any time before authentication of the record, is without effect. Such requests can still be made and considered by the military judge. However, for such requests to be considered timely for purposes of a subsequent interlocutory appeal, they must *also* be

---

4. 10 U.S.C. 948b(c).

5. The primary difference between the interlocutory appeal provisions of the U.C.M.J. and the M.C.A. is that the former requires the government to file a notice of appeal within 72 hours, vice five days under the latter. The R.M.C. 905(f) reconsideration language is identical to reconsideration language set out in Rule for Courts–Martial 905(f).

filed within five days of the underlying adverse order or ruling.

### Conclusion

The Government's interlocutory appeal, having not been filed within five days of the underlying adverse ruling, or within five days of a decision on a *timely* motion for reconsideration, is untimely. It is therefore outside the appellate jurisdiction of this Court and is accordingly dismissed.[6]

Judge FELTHAM and Judge GEISER concur.

---

**6.** Dismissal of the Government's appeal moots without deciding any other issues the parties raised in their briefs.