UNITED STATES of America,
Appellant.

v.

Abd Al Rahim Hussayn Muhammad
AL–NASHIRI, Appellee.

CMCR 14–001.

United States Court of Military
Commission Review.

Signed Oct. 10, 2014.

Brigadier General Mark S. Martins, U.S. Army and Danielle S. Tarin, on briefs for appellant.

Richard Kammen and Commander Brian L. Mizer, JAGC, U.S. Navy, on briefs for appellee.

Before the Court KRAUSS, Chief Judge, SILLIMAN, Deputy Chief Judge, and WEBER, Appellate Judge.

## PUBLISHED OPINION OF THE COURT

PER CURIAM:

The military judge dismissed Specification 2 of Charge IV (Terrorism), Charge VII (Attacking Civilians), Charge VIII (Attacking Civilian Objects), and Charge IX (Hijacking or Hazarding a Vessel or Aircraft) without prejudice. Appellant filed an interlocutory appeal under 10 U.S.C. § 950d(a)(1) because the military judge's order "terminates proceedings of the military commission with respect to a charge

or specification." *See* 2012 Manual for Military Commissions (MMC), Rule for Military Commission (R.M.C.) 908(a)(1). That appeal is now before us.

On September 23, 2014, appellee filed a motion to dismiss appellant's appeal because it failed to comply with the timeliness requirement of 10 U.S.C. § 950d(e). On September 29, 2014, appellant opposed appellee's motion. On September 30, 2014, appellee filed a reply; and on October 2, 2014, appellant filed a surreply clarifying and reinforcing its positions. The parties agree that: (1) failure to file notice of appeal within five days of the underlying order results in a jurisdictional impediment to a government appeal; and (2) a request for reconsideration can extend the time for providing notice of appeal, but only if it is filed within five days of the underlying order to be appealed.

Appellee and appellant dispute the computation of when the request for reconsideration was filed, and how the request for reconsideration extends the time for filing notice of appeal. Appellant argues the request for reconsideration was filed within five days of the underlying order, and the clock restarts at day one when the reconsideration is decided. Appellee contends the request for reconsideration was filed seven days after the underlying order, and the request for reconsideration tolls, but does not restart, the five-day clock when the reconsideration is decided. We conclude that the notice of appeal was filed timely, and appellee's motion to dismiss appellant's interlocutory appeal is denied.

We apply the same standard of review as our superior court in its review of government interlocutory appeals under 18 U.S.C. § 3731. We review *de novo* whether appellant's notice of appeal was timely filed; however, "we are nonetheless mindful that the trial court's subsidiary factual findings are to be upheld unless clearly erroneous." *United States v. Yunis,* 859 F.2d 953, 958 (D.C.Cir.1988). *See also United States v. Murdock,* 667 F.3d 1302, 1306 (D.C.Cir.2012) (quoting *United States v. Bailey,* 622 F.3d 1, 5 (D.C.Cir.2010)) ("We 'review[ ] the district court's factual findings for clear error ... [and] give due weight to inferences drawn from those facts by the district court."). We "defer under an abuse of discretion standard to the" military commission's "findings of fact ..., including determinations of credibility," and a " 'purely legal question' " under [18 U.S.C. § ]3731 is reviewed *de novo. United States v. Oruche,* 484 F.3d 590, 595 (D.C.Cir.2007) (citations omitted). *See also United States v. Rainey,* 757 F.3d 234, 247 (5th Cir.2014) (citing *United States v. Pratt,* 728 F.3d 463, 477 (5th Cir.2013)) (In an appeal under 18 U.S.C. 3731, the appellate court "review[s] the sufficiency of the indictment *de novo.*").

Appellant argues that three versions of its motion for reconsideration were filed from August 15, 2014, to August 18, 2014, as follows:

> [O]n Friday, August 15, 2014, at 4:02 p.m., the government submitted for filing a Motion for Reconsideration of the Commission's August 11, 2014 Order.... Two hours later, at 6:06 p.m., the government re-submitted the same Motion for Reconsideration, with minor corrections, primarily to attachments.... On Monday, August 18, 2014, at 3:34 p.m., the government re-submitted the Motion for Reconsideration with additional minor corrections, including to attachments.

Appellant's Response to Motion to Dismiss for Lack of Jurisdiction 2 (citations omitted). *See also* Appellant's Surreply to Motion to Dismiss for Lack of Jurisdiction 4–7. Appellant provided to our Court three emails, which listed attachments, and the

August 18, 2014 Motion for Reconsideration in support of its position that two Motions for Reconsideration were filed on August 15, 2014, and the third Motion for Reconsideration was filed on August 18, 2014. However, appellant did not provide the emails' attachments themselves and conceded, "the Motion for Reconsideration was not accepted as filed by the Commission until Monday, August 18, 2014." Appellant's Surreply to Motion to Dismiss for Lack of Jurisdiction 4.

Appellee opposes these "facts," asserting appellant withdrew the August 15, 2014 Requests for Reconsideration "from filing in order to substantively revise the pleadings it would ultimately submit to the Commission three days later. None of these filings, nor any other filing or 'notice,' w[ere] ever accepted for filing by the Military Commission" before August 18, 2014. Appellee's Reply to Motion to Dismiss for Lack of Jurisdiction 2. Because the two August 15, 2014 Motions for Reconsideration were not admitted into evidence at trial level, discussed in the military judge's findings, or admitted to our court as an appendix, we are limited to addressing the only Motion for Reconsideration provided to our Court, which is dated August 18, 2014, and has a Certificate of Service attached to it, which is also dated August 18, 2014.

■■■ Our Court is restricted to matters of law because this is an interlocutory appeal taken pursuant to 10 U.S.C. § 950d. 10 U.S.C. § 950d(g). We are bound by the military judge's findings of fact unless clearly erroneous. *Murdock*, 667 F.3d at 1306; *United States v. Bookhardt*, 277 F.3d 558, 564 (D.C.Cir.2002); *Yunis*, 859 F.2d at 958; *United States v. Baker*, 70 M.J. 283, 291–92 (C.A.A.F.2011); *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004). Because of the paucity of evidence of the two August 15, 2014 Motions for Reconsideration at the trial level, we are limited in our assessment of their relevance. *See, e.g., Baker*, 70 M.J. at 289–90 (noting that in an interlocutory appeal the appellate court is limited to reviewing matters of law and may not engage in fact finding.). Under these circumstances, we decline to accept appellant's assertions that either of the two August 15, 2014 Motions for Reconsideration stopped the notice of appeal clock.

This, however, does not end our analysis as to whether the August 18, 2014 Motion for Reconsideration was filed so as to preserve the government's ability to file a timely interlocutory appeal. The following chronology is relevant to the timeliness issue:

**August 11, 2014** The military judge granted appellee's motions and dismissed the charges relating to the *MV Limburg:* Specification 2 of Charge IV and Charges VII through IX for lack of subject matter jurisdiction. AE 168G/241C.

**August 18, 2014** The government filed its final motion for reconsideration of the August 11, 2014 Order on August 18, 2014, at 3:34 p.m. Appellant's Response to Motion to Dismiss for Lack of Jurisdiction 2 (citing Attachment C (email) and AE 168H/AE 241D).

**September 16, 2014** The military judge reconsidered and denied appellant's motion seeking reversal of the underlying order. The charges were dismissed without prejudice. Appellant's Response to Motion to Dismiss for Lack of Jurisdiction 2 (citing AE 168K/241G); Appellant's Merits Brief at 3.

**September 19, 2014** Appellant filed a notice of appeal with the military judge and the USCMCR. Appellant's Response to Motion to Dismiss for Lack of Jurisdiction 1; Appellee's Mo-

tion to Dismiss for Lack of Jurisdiction 2.

■ Title 10 U.S.C. § 950d(e) provides that the "United States shall take an appeal of an order or ruling ... by filing a notice of appeal with the military judge within 5 days after the date of the order or ruling." R.M.C. 908(b)(3) reads:

> (3) *Notice of appeal.* If the United States elects to appeal, the trial counsel shall provide the military judge with written notice to this effect not later than five days after the ruling or order. Such notice shall identify the ruling or order to be appealed and the charges and specifications affected. Trial counsel shall certify that the appeal is not taken for the purpose of delay and (if the order or ruling appealed is one which excludes evidence) that the evidence excluded is substantial proof of a fact material in the proceeding.

The five-day appeal limitation is "mandatory and jurisdictional," cannot be extended by a judge, and generally precludes this Court from entertaining appeals filed outside the stated period. *See Bowles v. Russell,* 551 U.S. 205, 207–08, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (citations omitted). *See also United States v. Rodriguez,* 67 M.J. 110, 111, 116 (C.A.A.F.2009) (citing *Bowles,* stating "[t]he congressionally-created statutory period [of 60 days] within which an accused may file a petition for grant of review is jurisdictional," and dismissing the petition for grant of review because it was filed 13 days late.).

**Impact of a Reconsideration Request**

The Military Commissions Act § 949a(a) empowers the Secretary of Defense to prescribe:

> [p]retrial, trial, and post-trial procedures ... for cases triable by military commission.... Such procedures may not be contrary to or inconsistent with this chapter [10 [U.S.C.] §§ 948a et seq.].... Except as otherwise provided in this chapter ... or chapter 47 of this title [10 [U.S.C.] §§ 801 et seq.], the procedures ... applicable in trials by general courts-martial of the United States shall apply in trials by military commission under this chapter....[1]

The Secretary of Defense adopted the same rules for interlocutory questions and questions of law and reconsiderations as is in the Manual for Courts–Martial (2012). R.M.C. 801(e)(1)(B) reads:

> (1) *Rulings by the military judge....* (B) Changing a ruling. The military judge may change a ruling made by that or another military judge in the case except a previously granted motion for a finding of not guilty, at any time during the trial.

R.M.C. 905(f) states, "On request of any party or sua sponte, the military judge

---

1. Just as the Secretary of Defense prescribes procedural rules in the Manual for Military Commissions, the Supreme Court is authorized by the Rules Enabling Act " 'to prescribe general rules of practice and procedure' for federal courts. 28 U.S.C. § 2072(a). These rules, however, may not 'abridge, enlarge or modify any substantive right.' 28 U.S.C. § 2072(b). A rule prescribed within the 'power delegated to this court, has the force of a federal statute.' " *In re Grand Jury Proceedings,* 616 F.3d 1186, 1196 (10th Cir.2010) (citation omitted). In some circumstances, Fed. R.App. P. 4(b)(4) "can extend the juris-

dictional time limit imposed by 18 U.S.C. § 3731." *Id.* at 1199. The Tenth Circuit held, "The district court found good cause to extend the time for filing a notice of appeal [past the thirty-day mark], pursuant to Appellate Rule 4(b)(4); the government's appeal was timely; and the 10th Circuit Court had jurisdiction to hear the appeal." *Id.* We need not decide whether "good cause" can be used to extend the deadline in § 950d(e), as there is no evidence of good cause in this case. *See United States v. Cos,* 498 F.3d 1115, 1122–23 (10th Cir.2007).

may, prior to authentication of the record of trial, reconsider any ruling, other than one amounting to a finding of not guilty, made by the military judge."

A timely request for reconsideration of an adverse order or ruling renders it "non-final for purposes of appeal as long as the petition is pending." *United States v. Ibarra,* 502 U.S. 1, 5, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991) (per curiam) (quoting from *United States v. Dieter,* 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976) (per curiam)). "[C]ourts are given the opportunity to correct their own alleged errors, and allowing them to do so prevents unnecessary burdens from being placed on the [appellate] courts...." *Ibarra,* 502 U.S. at 5, 112 S.Ct. 4.

In 2008, our Court discussed *Ibarra* and then dismissed an untimely government appeal because the request for reconsideration was filed more than five days after the military judge struck certain language from a specification. *United States v. Khadr,* 753 F.Supp.2d 1178, 1180, 1182–83 (USCMCR 2008). In *Khadr,* our Court explained:

> [W]e hold that for a motion for reconsideration to be "timely", such that it renders the underlying order or ruling non-final until a decision on the motion is

rendered, the motion for reconsideration must itself be filed within the five-day appeal period mandated by 10 U.S.C. § 950d. Once a decision on a timely motion for reconsideration is issued, the [g]overnment then has five days to file a notice of appeal of that decision, if desired.

*Id.* at 1182. Our Court's approach in *Khadr* of requiring requests for reconsideration to be filed before the five-day time limit expires is consistent with military practice under the Uniform Code of Military Justice (UCMJ) for assessing the impact of untimely requests for reconsideration.[2]

## Computation of the Five–Day Time Limit

We are faced with choosing between a strict, literal application of the five-day rule in a fashion equivalent to that employed under Article 62 of the UCMJ, and the less literal computation of time rule applied by federal circuit courts of appeal when resolving timeliness appellate questions under 18 U.S.C. § 3731.[3] Under the latter model, if the deadline for submission falls on a weekend or legal holiday, the final day for filing moves to the next business day.[4] Under the circumstances of

---

**2.** The time limit of 72 hours to file notice of appeal in Article 62 is strictly applied. *See United States v. Daly,* 69 M.J. 485 (C.A.A.F. 2011) (motion for reconsideration not filed within 72 hours and appeal dismissed); *United States v. Flores–Galarza,* 40 M.J. 900, 903, 909 (N.M.C.M.R.1994) (Notice of appeal electronically delivered on Memorial Day, 59 minutes late, resulted in dismissal of the appeal.); *United States v. Santiago,* 56 M.J. 610, 616 (N.M.C.C.A.2001) (notice of appeal of reconsideration decision was untimely and appeal dismissed).

**3.** Article 62, UCMJ was designed to be similar to the interlocutory government appellate procedure in federal civilian criminal proceedings under 18 U.S.C. § 3731. *Flores–*

*Galarza,* 40 M.J. at 907. The federal circuit courts' timeliness computations are illustrated in the following cases: *United States v. Ibarra,* 502 U.S. 1, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991) (per curiam); *United States v. Dieter,* 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976) (per curiam); *United States v. Healy,* 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964); *United States v. Rainey,* 757 F.3d 234 (5th Cir.2014); *In re Grand Jury Proceedings,* 616 F.3d 1186 (10th Cir.2010); *United States v. Henderson,* 536 F.3d 776 (7th Cir.2008); *United States v. Cos,* 498 F.3d 1115 (10th Cir.2007); *Canale v. United States,* 969 F.2d 13 (2d Cir.1992).

**4.** *See, e.g., Lindsey v. Leuch,* 2008 WL 5706005, 2008 U.S.App. LEXIS 23109, unpublished order (D.C.Cir. Oct. 23, 2008) (per

this case, the choice is dispositive: If we choose the former, the government's deadline was Saturday August 16th, and, absent additional evidence in the record to establish submission of their motion for reconsideration on August 15th, the government appeal would be untimely. If we choose the latter, the government's appeal is timely because the fifth-day deadline fell on a Saturday and, therefore, its Monday submission is timely for purposes of preserving its later appeal.

MCA section 950d was modeled after Article 62, UCMJ, and the 72–hour rule under Article 62 is unforgiving. For example, whether the deadline for submission falls on a weekend or holiday matters not. The government is held to a requirement that it act within 72 hours without modification by any rule of practice. *See* note 2, *supra.* This is in accord with the requirement to strictly construe filing time limits in United States appeal statutes,[5] and a recognition that trial practice under the UCMJ contemplates and consists of proceedings under circumstances where weekends and holidays are duty days.

Practice and precedent under the Federal Rules of Appellate Procedure, as applied in the Court of Appeals for the District of Columbia Circuit, is somewhat more forgiving than practice under Article 62 of the UCMJ. *Compare* note 1, *supra* *with Lindsey v. Leuch,* 2008 WL 5706005, 2008 U.S.App. LEXIS 23109, unpublished order (D.C.Cir. Oct. 23, 2008) (per curiam); *Slinger Drainage, Inc. v. EPA,* 237 F.3d 681, 683 (D.C.Cir.2001); *United Mine Workers v. Dole,* 870 F.2d 662, 665 (D.C.Cir.1989); *United States v. Lee,* 501 F.2d 890, 891, n. 1 (D.C.Cir.1974). We now turn to the question of how the five-day period is computed under the Federal Rules of Appellate Procedure model.

In interlocutory government appeals in criminal cases tried in U.S. District Courts, "18 U.S.C. § 3731 requires the government to file its notice of appeal within thirty days of when the district court order is rendered." *In re Grand Jury Proceedings,* 616 F.3d 1186, 1194 (10th Cir.2010); *United States v. Cos,* 498 F.3d 1115, 1120 (10th Cir.2007). Fed. R.App. P. 4(b) is read in conjunction with 18 U.S.C. § 3731 and in some instances may extend the time limits in § 3731.[6] In *Lashley v. Ford Motor Company,* 518 F.2d 749, 750 (5th Cir.1975), a civil case, the court stated, "The time prescribed for tak-

---

curiam) (civil case); *United Mine Workers v. Dole,* 870 F.2d 662, 665 (D.C.Cir.1989) (same); *Slinger Drainage, Inc. v. EPA,* 237 F.3d 681, 683 (D.C.Cir.2001) (same); *Bartlik v. United States Department of Labor,* 62 F.3d 163, 166 (6th Cir.1995) (same); *Lashley v. Ford Motor Company,* 518 F.2d 749 (5th Cir. 1975) (same).

**5.** *See Bowles v. Russell,* 551 U.S. 205, 207–08, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) ("... Courts of Appeals have uniformly held that Rule 4(a)(6)'s 180–day period for filing a motion to reopen is also mandatory and not susceptible to equitable modification [and the lower court concluded] that the fourteen-day period in Rule 4(a)(6) should be treated as strictly as the 180–day period in that same Rule." (internal citations and quotation marks omitted)); *Rainey,* 757 F.3d at 239 ("Under

*Healy,* the Government continues to be bound by the thirty-day requirement[.]'").

**6.** Fed. R.App. P. 4(b)(1)(B) provides, "(B) When the government is entitled to appeal, its notice of appeal must be filed in the district court within 30 days after the later of: (i) the entry of the judgment or order being appealed; or (ii) the filing of a notice of appeal by any defendant." Fed. R.App. P. 4(b)(1)(B) states, *"Motion for Extension of Time."* Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b). *See, e.g.,* cases cited in notes 1 and 3, *supra.*

ing an appeal [in U.S. District Court] begins to run on the day following the date of entry of judgment," and where the thirtieth day from entry of judgment "was a Sunday, and [the following day] was Memorial Day, the last day for timely filing of notice of appeal" was the day after Memorial Day. *Id.* (citing Fed. R.App. P. 4(a) and 6(a)). *See also Lindsey,* 2008 WL 5706005, 2008 U.S.App. LEXIS 23109 (citing Fed. R.App. P. 26(b)) ("Appellant had 30 days to file a notice of appeal. *See* Fed. R.App. P. 4(a)(1)(A). Because the 30th day was a Saturday, a timely appeal would have to have been filed by Monday, June 9th.").

Federal Rule of Civil Procedure 26(a) does "not 'expand' or 'enlarge' our jurisdiction. It does nothing more than provide the court and the parties with a means of determining the beginning and end of a statute of limitations prescribed elsewhere in law." *Bartlik v. United States Department of Labor,* 62 F.3d 163, 166 (6th Cir. 1995). An appeal "that is due on a Saturday, Sunday, federal holiday, or a day on which the court clerk's office is closed will be timely if filed on the next day the courthouse, or other designated place for filing, is open for business." *Id.* (citing *United Mine Workers,* 870 F.2d at 665 (stating "jurisdictional time periods, are to be construed in accordance with Fed. R.App. P. 26(a), excluding final weekend days and holidays unless a specific statutory provision requires otherwise.") (second and third citations omitted)). *See also Slinger Drainage, Inc.,* 237 F.3d at 683 ("[T]he federal rules of procedure can be relied on for interpreting a statutory time period in the absence of any more statute-specific provisions or indication that Congress did not intend the rules to apply."). Fed. R.App. P. 26(a), Computing Time, states:

The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

\*  \*  \*

(3) *Inaccessibility of the Clerk's Office.* Unless the court orders otherwise, if the clerk's office is inaccessible:

(A) on the last day for filing under Rule 26(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday; or

(B) during the last hour for filing under Rule 26(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.

(4) *"Last Day" Defined.* Unless a different time is set by a statute, local rule, or court order, the last day ends:

(A) for electronic filing in the district court, at midnight in the court's time zone;

(B) for electronic filing in the court of appeals, at midnight in the time zone of the circuit clerk's principal office; . . . .

The Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit include the preceding provisions of Fed. R.App. P. 26(a) without change. The Court of Appeals for the

Armed Forces utilizes the same method as in Fed. R.App. P. 26(a)(1) for counting days to file a petition for grant of review under 10 U.S.C. § 867. *See United States v. Cox*, 68 M.J. 84 (C.A.A.F.2009) (unpub.) (citing C.A.A.F. R. 34(a) and noting that the 60–day period to file a petition for grant of review "expired on Monday ... the first working day following the expiration of the actual sixty days on [the previous] Saturday."); *United States v. Angell*, 68 M.J. 79 (C.A.A.F.2009) (unpub.) (same).

■ In sum, if the deadline for submission falls on a weekend or legal holiday, then the United States may file its notice of appeal on the first following business day. *See* notes 4 and 6 and accompanying text, *supra*. We find this an eminently reasonable rule and more in accord with contemplated trial practice under the MCA. *See* Rule 3.6 of the Military Commissions Trial Judiciary (MCTJ), Military Commissions Rules of Court (May 5, 2014).[7] In addition, it places practice of United States appeal time computation in harmony with that of our superior court and inflicts no substantial prejudice to the conduct of military commission trials, the speedy resolution of interlocutory appeals by the United States or the rights of appellees. *See, e.g., United States v. Lee*, 501 F.2d 890, 891, n. 1 (D.C.Cir.1974); *United States v. Pearson*, 33 M.J. 777, 779 (N.M.C.M.R.1991) (collecting cases).

In parallel with application of the method employed by our superior court, we therefore adopt the computation of time rule for filing notice of appeal under CMCR Rule of Practice (Apr. 10, 2008) (CMCR Rule) 7.[8] R.C.M. 1201(b)(6) authorizes the Chief Judge to "prescribe procedures for appellate review by the United States Court of Military Commission Review." CMCR Rule 7 controls appellate computation of time. CMCR Rule 7 states:

> In computing any period of time prescribed or allowed by these rules, by order of the CMCR, or by any applicable order, instruction, regulation or statute, the day of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, or, when the act to be done is the filing of a paper in the CMCR, a day on which the Office of the Clerk of Court is closed due to weather or other conditions or by order of the Chief Judge of the CMCR, in

---

**7.** MCTJ Rule 3.6, "Computation of Time," provides:

> a. In computing any period of time prescribed or allowed by these Rules, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day, which is not one of the aforementioned days.
>
>         \*    \*    \*
>
> c. If a filing is sent on a Friday after 1600 or on Saturday or Sunday, the filing is considered to have been received the following Monday. If the following Monday is a Federal holiday, the filing is received on the following business day. A filing sent on a Federal holiday is not received until the first business day after the holiday.

MCTJ Rule 3.6, http://www.mc.mil/Portals/0/pdfs/MCM.2012Ed..pdf.

**8.** We agree with appellant that under *Canale*, 969 F.2d at 15, appellate processing time limits are applied for reconsideration requests and not trial-level rules. Appellant's Response to Motion to Dismiss for Lack of Jurisdiction 4–5; Appellant's Surrebuttal to Motion to Dismiss for Lack of Jurisdiction 2–4. *See also United States v. Gross*, 2002 U.S. Dist. LEXIS 28159, \*4–\*5 and n. 3 (E.D.N.Y.2002) (discussing *Canale* and Fed.R.Crim.P. 45(a), which uses the same time computation as Fed. R.App. P. 26(a)).

which event the period runs until the end of the next day which is neither a Saturday, Sunday, nor a holiday. A facsimile or electronic filing shall be deemed filed when it is transmitted. A document or pleading filed after 5:00 p.m., Eastern Standard Time or Eastern Daylight Saving Time, whichever is in effect at the time of filing, shall be deemed filed on the following day.

### Effect of Timely–Filed Motion for Reconsideration on Deadline to File Interlocutory Appeal

██ Appellee maintains that the clock stops when the request for reconsideration is filed and then resumes when the reconsideration is decided.[9] Appellee did not cite any cases involving government interlocutory appeals of criminal cases to support this theory, and as such, the cases cited do not persuade us to adopt a different rule than enunciated in *Ibarra*, 502 U.S. at 5, 112 S.Ct. 4.

The chronology in *Ibarra* is instructive as it establishes the clock is restarted rather than tolled after the reconsideration is decided. In that case: (1) the government had 30 days to file an appeal under Fed. R.App. P. 4(b); (2) the government requested reconsideration 28 days after the underlying order was denied; (3) the reconsideration was denied 20 days after it was filed; and (4) the notice of appeal was filed 27 days after the reconsideration was denied. *Ibarra*, 502 U.S. at 3, 112 S.Ct. 4. The Ibarra Court found the government's appeal was timely and stated; "appellants are entitled to the full 30 days after a motion to reconsider has been decided." *Id.* at 4, 112 S.Ct. 4 (citing *Dieter*, 429 U.S. at 7–8, 97 S.Ct. 18).

Similarly, in *United States v. Henderson*, 536 F.3d 776 (7th Cir.2008), the government moved the district court to reconsider its order within the 30–day period in 18 U.S.C. § 3731, and then filed its notice of appeal within 30 days of the district court's denial of the motion to reconsider. *Id.* at 778. The Henderson Court determined that the government appeal was timely. *Id.* at 779 (citing *Ibarra*, 502 U.S. at 6–8, 112 S.Ct. 4; *Dieter*, 429 U.S. at 7–8, 97 S.Ct. 18; *United States v. Healy*, 376 U.S. 75, 78, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964) ("criminal judgments are nonfinal for purposes of appeal so long as timely rehearing petitions are pending")). "[T]the judgment becomes final, and the clock begins to run, only after the disposition of a timely filed motion to reconsider." *Rainey*, 757 F.3d at 239 (noting "*Healy* directly controls and also may be distinguished from *Bowles* because it does not extend the statutory prescribed filing period, but delineates when the thirty-day period begins to run.") (citing *United States v. Cook*, 599 F.3d 1208, 1212–13 (10th Cir.2010); *Henderson*, 536 F.3d at 778–79 & n. 2).

When the military judge granted the request for reconsideration on September 16th, but ruled that the charges dismissed on August 11th would remain dismissed, this restarted the clock, and the government had five days to file a notice of appeal. We hold that 5:00 p.m. on Monday, August 18, 2014, was the deadline for filing the government notice of appeal. Since appellant submitted a motion for reconsideration of the judge's ruling before that deadline, the judge's ruling was nonfinal, and its notice of appeal filed within

---

**9.** *See United States v. Morillo,* 8 F.3d 864, 867 (1st Cir.1993) (citing *Ibarra* and noting "some courts and litigants describe the effect of such motions as 'tolling' the time for appeal, that description is inaccurate. Because the appeal period begins to run afresh at the time of disposition of the motion, the motion does not toll the appeal period, but restarts it.").

three days of the judge's reconsideration decision was timely.

Therefore, it is hereby

**ORDERED** that appellee's motion to dismiss appellant's interlocutory appeal is **DENIED.**