UNITED STATES, Appellant

v.

Andrew L. DALY, Boatswain's Mate First Class
U.S. Coast Guard, Appellee

No. 10-6010

Crim. App. No. 001-62-10

United States Court of Appeals for the Armed Forces

Argued February 7, 2011

Decided March 28, 2011

PER CURIAM

Counsel

For Appellant:  Lieutenant Herbert Claiborne Pell (argued);
Captain Stephen P. McCleary and Lieutenant Commander Douglas K.
Daniels (on brief).


For Appellee:  Lieutenant Eric J. Lobsinger (argued).


Military Judge:  Richard E. Batson


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

PER CURIAM:

Appellee was originally charged with engaging in romantic relationships with four subordinates contrary to a Coast Guard regulation, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). Before trial, the four specifications were amended by deleting references to the regulation. On motion by the defense, the military judge dismissed the charge and specifications on March 5, 2010, concluding that Appellee did not have "due process 'fair notice' that [his] conduct was . . . subject to criminal sanction" because the relevant Coast Guard regulation -- viz., the Coast Guard Personnel Manual (COMDTINST M1000.6A) -- "[is] clear that such conduct subjects a member to administrative -- but not criminal -- resolution."

Twelve days later, on March 17, 2010, the Government moved for reconsideration. The military judge denied the request on March 26, 2010, and the Government filed its notice of appeal, pursuant to Article 62, UCMJ, 10 U.S.C. § 862 (2006), on March 29, 2010. The United States Coast Guard Court of Criminal Appeals (CCA) denied the Government's appeal on the merits. United States v. Daly, 69 M.J. 549, 553 (C.G. Ct. Crim. App. 2010). Pursuant to Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2006), the Acting Judge Advocate General of the Coast Guard certified three issues to this Court.

United States v. Daly, No. 10-6010/CG

Before this Court, for the first time, Appellee asserted that this Court was without jurisdiction to hear the appeal because Appellant failed to file notice of the Article 62 appeal within seventy-two hours of the original decision of the military judge.  On November 18, 2010, this Court ordered the Government to show cause why the "appeal should not be dismissed for lack of jurisdiction as untimely filed in view of the date trial counsel provided written notice of appeal."

Jurisdiction is a question of law that we review de novo. United States v. Davis, 63 M.J. 171, 173 (C.A.A.F. 2006).  A question of jurisdiction is not subject to waiver and may be raised at any time.  Rule for Courts-Martial 905(e); United States v. Long, 5 C.M.A. 572, 574, 18 C.M.R. 196, 198 (1955). "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute . . . ."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The United States may appeal "[a]n order or ruling of the military judge which terminates the proceedings with respect to a charge or specification."  Article 62(a)(1)(A), UCMJ.  "An appeal of an order or ruling may not be taken unless the trial counsel provides the military judge with written notice of appeal from the order or ruling within 72 hours of the order or ruling."  Article 62(a)(2), UCMJ.

3

United States v. Daly, No. 10-6010/CG

The Government argues that the appeal was timely because it was filed within seventy-two hours after the military judge denied the motion for reconsideration.  We disagree.

The Government failed to file either a motion for reconsideration of the order to dismiss or a notice of appeal within the seventy-two-hour period for government appeals authorized in Article 62(a)(2).  Instead, the Government took twelve days to finalize and submit a brief to the military judge asking for reconsideration of the order to dismiss.  The Government's action was untimely under the explicit limitation of Article 62.

Because the Government's notice of appeal was not timely filed, the CCA was without jurisdiction to consider the Government's appeal.  Accordingly, the judgment of the United States Coast Guard Court of Criminal Appeals is set aside, and the appeal is, hereby, dismissed.[1]

---

[1] The Government's motion to supplement the record is denied as moot.