# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Specialist BENJAMIN C. HILL**
**United States Army, Appellee**

ARMY MISC 20120755

Headquarters, III Corps and Fort Hood
Kirsten Brunson and Patricia H. Lewis, Military Judges
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellee:  Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Robert Feldmeier, JA (on brief).

For Appellant:  Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA; Captain Kenneth W. Borgnino, JA (on brief).

19 October 2012

--------------------------------------------------------------------------
OPINION OF THE COURT AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
--------------------------------------------------------------------------

MARTIN, Judge:

Appellee is charged with two specifications of violating a lawful general regulation for hazing, two specifications of aggravated sexual contact, and two specifications of housebreaking with the intent to commit aggravated sexual contact therein, in violation of Articles 92, 120, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, 930 (2006 & Supp. IV 2010) [hereinafter UCMJ].  During a pretrial motion hearing, the military judge found there was a Rule for Courts-Martial [hereinafter R.C.M.] 707 speedy-trial violation and dismissed the charges against appellee with prejudice.  The military judge later reconsidered and reversed the ruling, thereby reinstating the charges.  However, a second military judge later assigned to the case again dismissed the charges, ruling the first military judge improperly reversed her initial decision.  The United States then filed a timely appeal with this court pursuant to Article 62, UCMJ, contending the second military

judge erred.  We agree with appellant and remand the case to the military judge for further proceedings consistent with this decision.

## BACKGROUND

Appellee and several co-conspirators are charged with unlawfully entering the quarters of newly assigned, junior enlisted soldiers and hazing them by forcibly touching their genitalia, anus, groin, inner thigh, and buttocks.  These incidents allegedly took place over several months at Contingency Operating Site Marez in Iraq.  When one of the alleged victims notified the chain of command about the hazing ritual, the commander put into place a series of restrictions against the appellee and the alleged co-conspirators in the case.  While we need not determine whether or not the restrictions constituted an arrest, it is important to note that the restrictions were the subject of a R.C.M. 707 speedy-trial motion by the defense and subsequent ruling by the first military judge assigned to the case.

On 8 March 2012, after an Article 39(a), UCMJ, session where several witnesses testified regarding the restrictions against appellee, the first military judge [hereinafter MJ 1] ruled the government violated R.C.M. 707.[1]  Specifically, she found the conditions placed on appellee by his commander in Iraq constituted an "arrest," and as such, started the 120-day clock on 10 July 2011.  (*See* Appendix for the case-processing timeline).  The charges were referred on 2 December 2011, and received by the trial court on 6 December 2011, so that 146 days had elapsed from the imposition of pretrial restraint until receipt of charges.[2]  After applying the

---

[1]  R.C.M. 707(a), reads, in pertinent part:

*In general.*  The accused shall be brought to trial within 120 days after the earlier of:
  (1)  Preferral of charges;
  (2)  The imposition of restraint under R.C.M. 304(a)(2)–(4); or
  (3)  Entry on active duty under R.C.M. 204.

[2]  The merit of MJ 1's R.C.M. 707 ruling itself is not before this court; therefore, we need not determine the correctness of the military judge's conclusion that 146 days elapsed between the imposition of restraint and appellee being "brought to trial." However, we note that the military judge ended her computation on the date of service to the court, in accordance with the Rules of Practice Before Army Courts-Martial, Rule 1.1.  This rule provides "that any period of delay from the judge's receipt of the referred charges until arraignment is considered pretrial delay approved by the judge per R.C.M. 707(c)," whereas, R.C.M. 707 defines "brought to trial" as the date of arraignment.

*Barker* factors, *see Barker v. Wingo*, 407 U.S. 514, 530 (1972), the military judge granted the defense motion to dismiss all charges with prejudice.

Following this ruling, the government filed its first notice of intent to appeal pursuant to Article 62, UCMJ. In accordance with the procedures for a government appeal, MJ 1 reviewed the record of proceedings, and on 21 March 2012, signed a form entitled "Authentication of the Record of Trial" pursuant to R.C.M. 908(b)(5). However, on 23 March 2012, MJ 1 emailed counsel that she believed her ruling was in error and that she would like to conduct a proceeding in revision. No such proceeding was ever conducted. On 27 March 2012, the trial counsel notified MJ 1 that the government was withdrawing the notice of appeal under Article 62, UCMJ, and requested that she reconsider and reverse her decision to dismiss the charges. Notably, the appeal was never filed with this court.

Ultimately, MJ 1 issued a new ruling on 28 March 2012 wherein she reversed her earlier decision to dismiss the charges with prejudice. Citing to *United States v. Ruffin*, 48 M.J. 211 (C.A.A.F. 1998) (holding that release from pretrial confinement with no subsequent pretrial restraint restarts the speedy trial clock), MJ 1 found the charges were brought to trial within the 120-day time-limit. Accordingly, MJ 1 reversed her earlier decision and denied the defense motion to dismiss the charges.

On 25 June 2012, a second military judge [hereinafter MJ 2] was detailed to the case and held an Article 39(a), UCMJ, session to address MJ 1's most recent ruling. The second military judge reviewed the authentication procedures of R.C.M. 908(b)(5) and the reconsideration provisions of R.C.M. 905(f), and decided that a court-martial is effectively without jurisdiction to reconsider a decision after the record is authenticated for the purposes of a government appeal pursuant to Article 62, UCMJ. Consequently, MJ 2 concluded that MJ 1's ruling in reconsideration was ineffectual, because it occurred after the record of proceedings was authenticated and at a time when the court-martial was without jurisdiction. Accordingly, MJ 2 ruled the case was dismissed with prejudice.

The government, acting within its discretion under Article 62(a)(1)(A), UCMJ, then filed the instant appeal with this court, complaining, in essence, that MJ 2 erred by holding that MJ 1 was without authority to reconsider her earlier decision.

## LAW AND DISCUSSION

"In criminal cases, prosecution appeals are not favored and are available only upon specific statutory authorization." *United States v. Wuterich*, 67 M.J. 63, 70 (C.A.A.F. 2008). As post-trial appeals by the government are very limited due to the constitutional prohibition against double jeopardy, the prosecution "has a somewhat broader opportunity than the defense to file appeals during the trial." *Id.*

3

The specific statutory authorization for interlocutory prosecution appeals in courts-martial is provided by Article 62, UCMJ. When reviewing matters under Article 62, UCMJ, we "may act only with respect to matters of law." UCMJ art. 62(b). *See* R.C.M. 908(c)(2).

The issue before this court involves the procedural posture of the case at the time MJ 1 decided to reconsider her initial ruling which was the subject of a government appeal. Upon further review of her decision to dismiss the charges against appellee, MJ 1 decided that it was appropriate to reconsider this ruling. However, the government had already provided its notice of intent to appeal, and MJ 1 had already authenticated the record of proceedings for that appeal. Thus, the court-martial was under a stay of proceedings. *See* R.C.M. 908(b)(4). Before the appeal was filed with this court, however, the trial counsel notified the military judge that the government was electing not to pursue its appeal, and following this notification, MJ 1 reconsidered and reversed her decision.

*Jurisdiction*

Appellee argues that MJ 1 was without jurisdiction to reconsider her ruling following the government's notice of intent to appeal. Appellee's argument draws upon the text of R.C.M. 908(b)(4), which states, *inter alia*:

> *Effect on the court-martial.* Upon written notice to the military judge under subsection (b)(3) of this rule, the ruling or order that is the subject of the appeal is automatically stayed and no session of the court-martial may proceed pending disposition by the Court of Criminal Appeals of the appeal, except that solely as to charges and specifications not affected by the ruling or order . . . .

Thus, appellee argues that MJ 1 could not properly act until jurisdiction of the case was returned by action of the Court of Criminal Appeals. Although we agree with appellee that the court-martial was initially without authority to act when the government notified the court of its intent to appeal, we conclude that MJ 1 was within her authority to reconsider her ruling when the trial counsel withdrew the government's notice of intent to appeal prior to filing the record with this court.

In *United States v. Browers*, 20 M.J. 356, 359 (C.M.A. 1985), the court noted that "Congress intended for Article 62 appeals to be conducted 'under procedures similar to [those governing] an appeal by the United States in a federal civilian prosecution.'" *Id.* (quoting S. Rep. No. 98-53, at 6 (1983)) (alteration in original). As such, our superior court looked to federal precedent for guidance when determining the effect of an Article 62, UCMJ, appeal on a trial proceeding. *Id.* The *Browers* Court went on to note that in federal appellate practice, once the United States files a sufficient notice of appeal, "[t]he district court is divested of

jurisdiction to take any action with regard to the matter," and jurisdiction is transferred from the district court to the court of appeals. *Id.* (quoting *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979) (en banc)).

The transfer of jurisdiction in Article 62, UCMJ, appeals, however, is not akin to the loss of personal or subject matter jurisdiction. Indeed, the Supreme Court has cautioned "a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction. Other rules, even if important and mandatory . . . should not be given the jurisdictional brand." *United States v. Humphries*, 71 M.J. 209, 211 (C.A.A.F. 2012) (quoting *Henderson v. Shinseki*, ___ U.S. ___, 131 S.Ct. 1197, 1202–03 (2011)) (internal citations omitted). Instead of a permanent loss of the ability to act, Article 62,UCMJ, as implemented by R.C.M. 908, provides a stay of proceedings upon notice of the appeal. This is true regardless of whether a military judge dismisses some or all of the charges with or without prejudice. *See, e.g.*, *United States v. Boehm*, 17 U.S.C.M.A. 530, 535, 38 C.M.R. 328, 333 (1968) (holding that dismissal of charges for a speedy-trial violation does not "amount to a finding of not guilty"); *United States v. Brooks*, 41 M.J. 792, 795–96 (Army Ct. Crim. App. 1995) (holding that dismissal of charges with prejudice did not "amount to a finding of not guilty"); *United States v. McClain*, 65 M.J. 894, 901 (Army Ct. Crim. App. 2008) (holding that when a trial is ended prior to a decision on guilt or innocence, a retrial is not barred (citing *United States v. Scott*, 437 U.S. 82, 98–99 (1978))). *See also United States v. Thompson*, 68 M.J. 308, 313 (C.A.A.F. 2010) (affirming a case where, prior to review under Article 67, UCMJ, an Article 62, UCMJ, appeal vacated the military judge's ruling to dismiss the charges with prejudice pursuant to a claimed speedy-trial violation). Indeed, Article 62, UCMJ, creates a process whereby the trial is essentially paused until such time as the government withdraws its appeal, or files the appeal with the Court of Criminal Appeals and the appellate court disposes of the issue.

We recognize R.C.M. 908(b)(4) does not explicitly state that the government can withdraw its notice of intent to appeal. Furthermore, while R.C.M. 908(b)(6)–(7) provides the government with the option of deciding whether or not to file the appeal,[3] and R.C.M. 908(b)(8) directs the trial counsel to notify the military judge

---

[3] R.C.M. 908(b)(6) provides:

> *Forwarding.* Upon written notice [of intent to appeal] to the military judge . . . trial counsel shall promptly and by expeditious means forward the appeal to a representative of the Government designated by the Judge Advocate General. . . . The person designated by the Judge Advocate General shall promptly decide

(. . . continued)

and the other parties in the event the government elects not to file the appeal, there is no direct language in the rule that provides for the stay to be lifted. Nonetheless, we find that these provisions should not be interpreted to limit the ability of the government to withdraw its own notice of intent to appeal before that appeal is filed with the Court of Criminal Appeals.

"The interpretation of provisions of the R.C.M." is a question of law that is reviewed de novo. *United States v. Dean*, 67 M.J. 224, 227 (C.A.A.F. 2009) (citing *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008)). "Ordinary rules of statutory construction apply in interpreting the R.C.M." *Hunter*, 65 M.J. at 401. Reading R.C.M. 908(b)(4) in isolation supports appellee's argument that the stay can only be terminated, and jurisdiction returned to the trial court, upon disposition by the Court of Criminal Appeals. However, "[s]tatutory construction . . . is a holistic endeavor." *United Savings Ass'n v. Timbers of Inwood Forest Associates*, 484 U.S. 365, 371 (1988). *See United States v. Curtin*, 9 U.S.C.M.A. 427, 430, 26 C.M.R. 207, 210 (1958) ("It is a fundamental principle that in the construction of statutes and regulations the whole and every part thereof must be considered in the determination of the meaning of any of its integral parts."). In this situation, we must also consider provisions contained elsewhere in the rule, to include R.C.M. 908(b)(6)–(8), so as to ensure that they are not rendered inoperable or ineffective.

When R.C.M. 908(b)(4) is read in conjunction with R.C.M. 908(b)(6)–(8), it is clear the trial counsel is not prevented from withdrawing a government appeal. *See, e.g.*, *United States v. Santiago*, 56 M.J. 610, 612 (N.M. Ct. Crim. App. 2001) (discussing the procedural history of the case, which included the government filing an Article 62, UCMJ, appeal, withdrawing it, then filing a request for

---

(. . . continued)

> *whether to file the appeal with the Court of Criminal Appeals* and notify the trial counsel of that decision.

*Id.* (emphasis added). R.C.M. 908(b)(7) provides:

> *Appeal filed. If the United States elects to file an appeal*, it shall be filed directly with the Court of Criminal Appeals, in accordance with the rules of that court.

*Id.* (emphasis added). In the U.S. Army, The Judge Advocate General has designated the Chief of the Government Appellate Division, in coordination with the Assistant Judge Advocate General for Military Law and Operations, as the government representative with the authority to decide whether to file an Article 62, UCMJ, appeal with the Army Court of Criminal Appeals. Army Reg. 27-10, Legal Services: Military Justice, para. 12-3 (3 Oct. 2011).

6

reconsideration). If we applied appellee's construction of R.C.M. 908(b)(4), these other portions of the R.C.M. would be meaningless. Moreover, if the government elected not to file its appeal with this court, then the case would not be ripe for our review, yet no other court would have authority to act. This would create a type of judicial limbo, where the stay would prevent the trial court from acting but the Court of Criminal Appeals would be without power to act either. Such a construction would frustrate judicial economy by preventing the court-martial from reconsidering and ruling in favor of the appealing party before the appeal is even filed.[4] Accordingly, we hold that the trial court was within its authority to act when the government provided written notice to MJ 1 that it elected not to file an appeal.[5]

---

[4] The purpose of the R.C.M. 908(b)(4) stay of proceedings is to ensure that the government has an opportunity for meaningful review by preventing the military judge from moving forward on the charges at issue. R.C.M. 908 analysis at A21-59 (stating that "subsection (1) provides the trial counsel with a mechanism to ensure that further proceedings do not make an issue moot before the Government can file notice of appeal"). It stands to reason, then, that the party benefiting from the stay can terminate the stay by withdrawing the appeal prior to filing it with the Court of Criminal Appeals, thereby mooting the issue. *Cf. Browers*, 20 M.J. at 358.

[5] Our interpretation of R.C.M. 908 results in a procedure similar to that employed in the federal system. *See Wuterich*, 67 M.J. at 71 (reiterating that Congress intended for Article 62, UCMJ, appeals to be conducted "under procedures similar to [those governing] an appeal by the United States in a federal civilian prosecution" (quoting *Browers*, 20 M.J. at 359 (alteration in original)). 18 U.S.C. § 3731 is the analogous federal provision that allows for an appeal by the United States in this context. The Federal Rules of Appellate Procedure allow for the appellant to voluntarily dismiss this type of appeal at the trial court level before it is "docketed with the circuit clerk." Fed. R. App. P. 42.

*Reconsideration following Authentication*

Although the stay was lifted and jurisdiction of the case was with the trial court, MJ 2 ruled that R.C.M. 905(f)[6] and 1102(d)[7]—which only allow reconsideration of a ruling prior to authentication of the record of trial—prevented reconsideration of MJ 1's initial ruling. In making her ruling, MJ 2 applied the limitations found in R.C.M. 905(f) to the procedures used in preparing a government appeal for appellate review. The government argues that this application of R.C.M. 905(f) is erroneous because authentication of a "record of trial" is different than authentication of a "record of proceedings." We agree with the government and hold that authentication of the record of proceedings in this case did not prevent MJ 1 from reconsidering her earlier decision. While R.C.M. 905(f) is an appropriate avenue for the military judge to reconsider a prior ruling under the circumstances presented in the case, *see, e.g.*, *United States v. Daly*, 69 M.J. 485, 486 (C.A.A.F. 2011) (discussing the government's ability to file a request for reconsideration of an order to dismiss charges in an Article 62, UCMJ, case), its limitation concerning reconsideration after completing a *record of trial* does not apply here.[8]

Rule for Courts-Martial 908 provides the detailed procedures for an appeal by the United States when the military judge issues a ruling that terminates the

---

[6] R.C.M. 905(f) provides:

> *Reconsideration.* On request of any party or *sua sponte*, the military judge may, *prior to authentication of the record of trial*, reconsider any ruling, other than one amounting to a finding of not guilty, made by the military judge.

*Id.* (second emphasis added).

[7] R.C.M. 1102(d) provides:

> *When directed.* The military judge may direct a post-trial session any time *before the record is authenticated*. The convening authority may direct a post-trial session any time before the convening authority takes initial action on the case or at such later time as the convening authority is authorized to do so by a reviewing authority.

*Id.* (second emphasis added).

[8] Rule for Courts-Martial 905(f) also prohibits reconsideration of a ruling amounting to a finding of not guilty. In this case, neither MJ 2's nor MJ 1's ruling to dismiss the charges amounts to a finding of not guilty. *Boehm*, 38 C.M.R. at 333. *Cf. McClain*, 65 M.J. at 901 (citing *Scott*, 437 U.S. at 98–99).

proceedings or excludes evidence that is substantial proof of a fact material in the proceedings. Specifically, R.C.M. 908(b)(5) outlines the process by which the government will complete a *record of proceedings* for the issues appealed pursuant to Article 62, UCMJ:

> Upon written notice to the military judge under subsection (b)(3) of this rule, trial counsel shall cause a *record of the proceedings* to be prepared. Such record shall be verbatim and complete to the extent necessary to resolve the issues appealed. R.C.M. 1103(g), (h), and (i) shall apply and the record shall be authenticated in accordance with R.C.M. 1104(a). The military judge or the Court of Criminal Appeals may direct that additional parts of the proceeding be included in the record; R.C.M. 1104(d) shall not apply to such additions.

*Id*. (emphasis added). This provision distinguishes the *record of proceedings* from a *record of trial* and limits the record of proceedings to matters necessary for consideration of the Article 62, UCMJ, appeal.

The discussion to R.C.M. 905(f) references R.C.M. 1102(d), which MJ 2 also relied on to reach her findings. Rule for Courts-Martial 1102 provides procedures to conduct post-trial sessions and should not be relied upon to limit a military judge's authority to act following an interlocutory appeal. The rule gives guidance to the parties on how to conduct a proceeding in revision in order to correct errors, omissions, or an inconsistent action by the court-martial. The rule also provides a process by which to hold post-trial Article 39(a), UCMJ, sessions, but a military judge can only direct such a session prior to authentication of the *record of trial*. As such, MJ 2 concluded this rule is another basis for the decision that the authentication of the record terminated MJ 1's authority to review her original decision to dismiss the charges with prejudice. However, by the plain language of the rule, R.C.M. 1102(d) does not apply to an Article 62, UCMJ, appeal. Indeed, the rule in general is entitled "Post-trial sessions," and each provision refers to proceedings undertaken after a final adjournment of the court-martial.[9]

---

[9] The distinction between a record of trial and a record of proceedings is further highlighted by the processing directives outlined by R.C.M 1102(d) versus those encompassed in R.C.M. 908(b). Rule for Courts-Martial 1102(d) provides that the authority to direct a post-trial session transfers from the military judge, to the convening authority, to the reviewing authority. In contrast, R.C.M. 908(b)(5)–(6) provides that upon notice of the intent to appeal, the trial counsel will then forward the appeal directly to the representative of the government designated by The Judge Advocate General, while action by the convening authority is not required.

## CONCLUSION

A narrow interpretation of the pertinent Rules for Courts-Martial without the use of contextual matters or without regard to the interplay between the various rules leads to a very restrictive conclusion whereby an "authentication" would automatically divest a trial court of authority to take any action on the ruling or order at issue. Here, however, the *record of trial* was not authenticated within the meaning of R.C.M. 905(f); instead, the *record of proceedings* was authenticated under R.C.M. 908(b)(5) in order to support the requirements of the Article 62, UCMJ, appeal. Upon the government's notice of intent to appeal, the proceedings were stayed until such time as either this court ruled on a properly filed appeal or the government withdrew its notice of intent to appeal. Upon withdrawal of its notice of intent to appeal, MJ 1 regained authority to act on the case and was within her discretion pursuant to R.C.M. 905(f) to reconsider and reverse her earlier ruling. Accordingly, MJ 2 erred by concluding otherwise and dismissing the charges.

The appeal of the United States pursuant to Article 62, UCMJ, is therefore granted. The ruling of the second military judge, dismissing the charges with prejudice, is vacated and the record will be returned to the military judge for action not inconsistent with this opinion.

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

10

**APPENDIX**

*Timeline*

| | |
|---|---|
| 03 July 2011 | Initial conditions of liberty imposed on appellee in Iraq |
| 10 July 2011 | Additional conditions on liberty imposed on appellee in Iraq |
| 13 August 2011 | Charges preferred against appellee just prior to his redeployment to Fort Hood, Texas (the conditions on liberty were lifted, and no further restrictions that would trigger R.C.M. 707 were placed on the appellee) |
| 01 September 2011 | Original date of the Article 32 (Defense delay until 6 September 2011) |
| 07 September 2011 | Article 32 Investigation |
| 02 December 2011 | Charges referred |
| 06 December 2011 | Referred charges served on the court |
| 10 February 2012 | Arraignment and Article 39a Session, MJ 1 presiding |
| 08 March 2012 | Ruling on Defense Motion to Dismiss, MJ 1 presiding |
| 09 March 2012 | Notice of original Article 62 Appeal filed |
| 23 March 2012 | MJ 1 provides notice to counsel of her intent to conduct a proceeding in revision in order to correct her original Ruling on Defense Motion to Dismiss |
| 27 March 2012 | Government notice of withdrawal of original Article 62 Appeal |
| 28 March 2012 | Reconsideration of Ruling on Defense Motion to Dismiss, MJ 1 presiding |
| 25 June 2012 | Article 39a Session, MJ 2 presiding, oral ruling that case is dismissed, with prejudice |
| 26 June 2012 | Government files Request for Reconsideration, Denied by MJ 2 |
| 27 June 2012 | Notice of current Article 62 Appeal filed |