# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BORGERDING[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private (E-1) BENJAMIN C. HILL**
**United States Army, Appellant**

ARMY 20130331

Headquarters, III Corps and Fort Hood
Kirsten V. Brunson, Military Judge (arraignment and trial)
Patricia H. Lewis, Military Judge (motion to dismiss)
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Major Yolanda McCray Jones, JA; Captain Ryan T. Yoder, JA (on brief); Major Christopher D. Coleman, JA; Captain Ryan T. Yoder, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Major Matthew T. Grady (on brief).

23 June 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications each of violating a lawful general regulation, aggravated sexual contact, and housebreaking in violation of Articles 92, 120, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, 930 (2006 & Supp. IV). The panel sentenced appellant to a bad-conduct discharge and confinement for two years. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge and confinement for one year and eleven months and credited appellant with eighty-four days of confinement against the sentence to confinement.

---

[1] Judge Borgerding took final action in this case while on active duty.

This case is now before us for review pursuant to Articles 66(c), UCMJ. On appeal, appellant assigns four errors, two of which allege a speedy trial violation and two of which allege error in the admission of evidence pursuant to Military Rule of Evidence [hereinafter Mil. R. Evid.] 413, which merit brief discussion but no relief.[2] Additionally, appellant's matters submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not merit discussion or relief.

**FACTS**

In the spring of 2011, appellant, Private First Class (PFC) MA, and PFC JW were assigned to a unit nicknamed "Crazy Troop" located at Contingency Operating Site (COS) Marez, Iraq. Both PFC MA and PFC JW were new to the unit. On 20 March 2011, PFC MA awoke to being held down by three individuals, including appellant, who had entered his room without his permission. Private First Class MA testified that as the individuals held him down, they pulled his pants down and one of them put his finger in PFC MA's anus. Private First Class MA believed it was appellant because appellant's "hand was in that area." Private First Class MA testified that he fought to get away the whole time, but could not. The incident lasted less than a minute.

Private First Class JW was PFC MA's roommate, but was on leave on 20 March 2011. Between 14 and 20 April 2011, appellant and other soldiers entered PFC MA and PFC JW's containerized housing unit (CHU) without permission. They held PFC JW down and took off his pants. Appellant "shoved multiple fingers up [PFC JW's] butt." Again, the attack lasted less than a minute. Private First Class MA witnessed the attack from his bed, but was afraid to try and stop it.

---

[2] At trial, defense counsel raised a speedy trial motion arguing that appellant was placed under "restraint" as defined in Rule for Courts-Martial [hereinafter R.C.M.] 304(a)(2)-(4) when his weapon was confiscated and he and the other soldiers involved were all held in one containerized housing unit (CHU) with one escort guarding them at all times. Since this "restraint" began 3 July 2011, defense counsel argued that the R.C.M. 707 speedy trial clock ran long before arraignment, even with approved delay taken into consideration. Judge Brunson initially granted this motion and dismissed the charges with prejudice. The government gave notice they would appeal this ruling. However, Judge Brunson then told the parties she intended to reconsider her ruling because appellant was released from all forms of restraint on 13 August 2011 when he returned to the United States. On 27 March 2012, the government withdrew its appeal and subsequently on 28 March 2012, Judge Brunson reversed her ruling and reinstated the charges. In June 2012, Judge Lewis again dismissed the charges with prejudice ruling that Judge Brunson did not have jurisdiction to reconsider her decision because the government had filed an appeal with this court. The government then appealed Judge Lewis' decision, which this court subsequently reversed. *United States v. Hill,* 71 M.J. 678 (Army Ct. Crim. App. 2012) *pet. denied United States v. Hill,* 72 M.J. 159 (C.A.A.F. 2013). Appellant's trial took place on 25-26 March 2013.

## SPEEDY TRIAL

The government preferred charges against appellant on 13 August 2011. Appellant was arraigned on 10 February 2012, or approximately 181 days later. The charges were referred on 2 December 2011 and sent to the military judge on 6 December 2011. According to the Electronic Docket Request, the government indicated it would be ready for trial on 18 January 2012 and the defense did not oppose this trial date.

It is not clear from the record why appellant was not arraigned until 10 February 2012. However, in his brief, appellant notes that "[t]he reason the delay does not extend from 6 December 2011 to 10 February 2012 is because the defense was not ready for trial and requested a delay until 10 February 2011 (sic), thus excluding that delay from computation in the 120 day time period." On appeal, appellant first avers the military judge abused her discretion by relying on Trial Judiciary Rules of Practice before Army Courts-Martial, Rule 1.1 in her speedy trial calculations. Rule 1.1 provides: "Any period of delay from the judge's receipt of the referred charges until arraignment is considered pretrial delay approved by the judge per R.C.M. 707(c), unless the judge specifies to the contrary." In the alternative, appellant asserts Rule 1.1 is inconsistent with R.C.M. 707(c). These claims by appellant are without merit as articulated in *United States v. Hawkins*, 75 M.J. 640 (Army Ct. Crim. App. 2016).

## MILITARY RULE OF EVIDENCE 413

Prior to trial, the government filed a Motion in Limine asking the court to admit propensity evidence under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413. Specifically, trial counsel asked the court to use the charged offenses of aggravated sexual contact as propensity evidence of each other. The motion provides an analysis of the *Wright* test and addresses the balancing test under Mil. R. Evid. 403. *United States v. Wright*, 53 M.J. 476, 483 (C.A.A.F. 2000). Trial defense counsel did not object to this motion and the military judge then granted it with no further discussion.

During the discussion on instructions, trial counsel asked for "the 413 instruction," specifically for using the identity in one incident to prove identity in the other incident as well as the propensity instruction. Trial defense counsel did not object to this instruction

Finally, trial counsel made reference to these instructions in his closing argument, telling the panel that they did not need to "evaluate each [specification] in a vacuum . . . if you believe that one happened, even if you're not certain, but just think more likely than not that it happened, you can use that when evaluating

whether or not the other one happened, and vice-versa." Trial defense counsel made no objection to this argument.

Now, on appeal, appellant complains that the military judge abused her discretion in admitting evidence pursuant to Mil. R. Evid. 413 because she did not conduct an analysis of the *Wright* factors and because she failed to do a Mil. R. Evid. 403 balancing test before admitting this evidence. He also argues the military judge erred in giving the Mil. R. Evid. 413 instruction because it was confusing and contrary to *United States v. Huddleston*, 485 U.S. 681 (1988).

This court provided an extensive discussion of this exact issue in *United States v. Williams*, 75 M.J. 621, 626 (Army Ct. Crim. App. 2016). The instructions in *Williams* are essentially identical to the instructions given here. As articulated in *Williams*, the military judge properly informed the panel that 1) an accused may not be convicted based on propensity evidence alone; and 2) that Mil. R. Evid. 413 evidence does not relieve the government of its burden to prove every element of every offense charged. *Williams*, 75 M.J. at 630, *citing United States v. Schroder*, 65 M.J. 49, 56 (C.A.A.F. 2007). Thus, as in *Williams*, while there may be problems with these instructions, any error telling the panel they could not use propensity evidence to support an inference of guilt worked to the benefit of appellant and was not prejudicial. *Williams*, 75 M.J. at 630; see also *Barnes*, 74 M.J. at 701.

## CONCLUSION

The findings and sentence are correct in law and fact and are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court