*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, GANNON, and HARRELL
Appellate Military Judges

_____

**UNITED STATES**
*Appellant*

**v.**

**Tierra C. SMITH**
Gunner's Mate First Class Petty Officer (E-6), U.S. Navy
*Appellee*

**No. 202400295**

_____

Decided: 13 February 2025

Appeal by the United States Pursuant to Article 62, Uniform Code of
Military Justice

Military Judges:
Mishonda Moseley (arraignment and motions)
Jason A. Pfeil (motions and trial)

Arraignment 19 March 2024 before a special court-martial convened at
Naval Station Norfolk, Virginia, consisting of military judge alone.

For Appellant:
*Commander John T. Cole, JAGC, USN*
*Major Candace G. White, USMC*

For Appellee:
*Lieutenant Jesse B. Neumann, JAGC, USN*

Judge HARRELL delivered the opinion of the Court, in which Senior Judge KISOR and Judge GANNON joined.

––––––––––––––––––

**PUBLISHED OPINION OF THE COURT**

––––––––––––––––––

HARRELL, Judge:

Appellee is charged with one specification of wrongful use of a controlled substance, in violation of Article 112a, Uniform Code of Military Justice (UCMJ).[1] An issue arose midtrial, leading to this interlocutory appeal by the Government pursuant to Article 62(a)(1)(B), UCMJ.[2]

The Government raised one issue on appeal: Did the military judge abuse his discretion when he prevented a Navy Drug Screening Lab (NDSL) witness from testifying regarding non-testimonial lab report documents and offering an expert opinion about the testing of Appellee's urine sample? After reviewing the record and the filings of the parties, the Court specified the following issue: Whether trial counsel provided timely notice of appeal to the military judge in accordance with Article 62(a)(2)(A) and Rule for Courts-Martial (R.C.M.) 908(b)(3). For the reasons articulated below, we are constrained from answering the issue raised by the Government, and we remand the case to the military judge to rule on a pending motion for reconsideration.

## I. BACKGROUND

On 19 July 2024, after two witnesses testified at Appellee's trial, the Government called an expert witness from NDSL, Jacksonville, Florida, to testify.[3] Trial defense counsel immediately objected to the expected testimony of the expert witness, and the military judge sustained the objection, excluding the expert witness's testimony on the merits in toto.[4] The next day, 20 July 2024, trial counsel filed a written motion for reconsideration of the military judge's

––––––––––––––––––

[1] 10 U.S.C. § 912a.

[2] 10 U.S.C. § 862(a)(1)(B).

[3] R. at 118.

[4] R. at 118–53.

ruling that excluded the expert witness's testimony.[5] On 21 July 2024, trial defense counsel filed a written response, opposing reconsideration.[6] On 22 July 2024, trial counsel provided the military judge with written notice of appeal pursuant to Article 62.[7] The military judge has not ruled on the Government's motion for reconsideration. These are the minimal facts necessary for resolution at this stage of the proceedings.

## II. DISCUSSION

The Government asks that we vacate the military judge's ruling as an abuse of discretion. Alternatively—and possibly in recognition of the uncertainty caused by the filing of the motion for reconsideration and provision of notice of appeal in short succession—the Government asks that we remand the case to the military judge to rule on the motion for reconsideration. We conclude that we must do the latter.

"Any ruling by the military judge upon a question of law . . . or upon any interlocutory question is final,"[8] though, "[t]he military judge may change a ruling made by that or another military judge in the case except a previously granted motion for a finding of not guilty, at any time during the trial."[9] "On request of any party or *sua sponte*, the military judge may, prior to entry of judgment, reconsider any ruling, other than one amounting to a finding of not guilty, made by the military judge."[10]

Article 62 authorizes the government to appeal, among other orders and rulings, one "which excludes evidence that is substantial proof of a fact material in the proceeding."[11] To do so:

> [T]he trial counsel [must] provide[] the military judge with written notice of appeal from the order or ruling within 72 hours of the order or ruling. Such notice shall include a certification by the trial counsel that the appeal is not taken for the purpose of

---

[5] App. Ex. XXXV.

[6] App. Ex. XXXVI.

[7] App. Ex. XXXVII; Appellee's Motion to Attach, app'x A, attach. (1), (2).

[8] Rule for Courts-Martial (R.C.M.) 801(e)(1)(A).

[9] R.C.M. 801(e)(1)(B).

[10] R.C.M. 905(f).

[11] Article 62(a)(1)(B).

delay and (if the order or ruling appealed is one which excludes evidence) that the evidence excluded is substantial proof of a fact material in the proceeding.[12]

Article 62 says nothing, however, of the effect of a motion for reconsideration of the order or ruling at issue. Neither does R.C.M. 908, the President's implementation of Article 62. This appeal requires us to survey that void.

There is a dearth of military case law exploring the interrelationship between motions for reconsideration and government interlocutory appeals. The U.S. Court of Appeals for the Armed Forces (CAAF) has spoken on the issue only indirectly. In *United States v. Daly*, the CAAF dismissed an Article 62 appeal on jurisdictional grounds since "[t]he Government failed to file either a motion for reconsideration of the [military judge's] order to dismiss [the charges and specifications] or a notice of appeal within the seventy-two-hour period for government appeals authorized in Article 62(a)(2)."[13] The implication is that the result may have been different if the government did either of those things. That implication is obvious with respect to the effect of filing a notice of appeal within 72 hours of the military judge's order, but it is less so with respect to the effect of filing a motion for reconsideration within 72 hours of the order. The CAAF did not elaborate in its short per curiam opinion, but it likely relied on the U.S. Supreme Court's line of cases addressing the intersection of motions for reconsideration or rehearing with government appeals under 18 U.S.C. § 3731.[14] This makes perfect sense given that military courts

---

[12] Article 62(a)(2)(A).

[13] 69 M.J. 485, 486 (C.A.A.F. 2011) (per curiam).

[14] The current version of the statute provides:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for

routinely look to federal cases interpreting 18 U.S.C. § 3731 for guidance in interpreting Article 62. Elsewhere the CAAF has explained:

> Congress authorized federal civilian government appeals in criminal cases under 18 U.S.C. § 3731 before it authorized them in the military, and modeled Article 62, UCMJ, in large part, after 18 U.S.C. § 3731. Consequently, it is proper for this Court to look to cases interpreting it for guidance. However, the statutes are not identical, and this Court has recognized that guidance does not mean binding precedent, in the interpretation of Article 62.[15]

We start with *United States v. Healy*, where the District Court dismissed the indictment on 17 September 1962, the government filed a petition for rehearing on 17 October, the District Court denied that petition on 8 November, and the government appealed pursuant to 18 U.S.C. § 3731 on 5 December.[16] The Supreme Court framed the jurisdictional issue as follows:

> It is undisputed that the notice of appeal was filed by the United States within 30 days from the denial of the petition for rehearing, although not within 30 days of the original entry of

---

purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

The provisions of this section shall be liberally construed to effectuate its purposes.

Appeal by United States, 18 U.S.C. § 3731.

[15] *United States v. Jacobsen*, 77 M.J. 81, 86 (C.A.A.F. 2017) (citations and internal quotation marks omitted). *See also United States v. Browers*, 20 M.J. 356, 359 (C.M.A. 1985) ("Because the legislative history makes clear that Congress intended for Article 62 appeals to be conducted 'under procedures similar to [those governing] an appeal by the United States in a federal civilian prosecution,' S.Rep. No. 98-53, 98th Cong., 1st Sess. 6 (1983), we look to federal precedent for guidance . . . ." (footnote omitted)).

[16] 376 U.S. 75, 76–77 (1964).

judgment. Since the petition for rehearing was filed within 30 days of the judgment, we are not faced with an attempt to rejuvenate an extinguished right to appeal. The question, therefore, is simply whether in a criminal case a timely petition for rehearing by the Government filed within the permissible time for appeal renders the judgment not final for purposes of appeal until the court disposes of the petition -- in other words whether in such circumstances the 30-day period prescribed by Rule 11(2) begins to run from the date of entry of judgment or the denial of the petition for rehearing.[17]

The answer is the latter, the Supreme Court held, explaining:

> The latter is the well-established rule in civil cases, whether brought here by appeal or certiorari. That a rehearing petition, at least when filed within the original period for review, may also extend the time for filing a petition for certiorari by a criminal defendant is the unarticulated premise on which the Court has consistently proceeded. In *Craig v. United States*, 298 U.S. 637, this Court dismissed an application for a writ of certiorari as premature, "without prejudice to a renewal of the application within thirty days after action by the Circuit Court of Appeals on the petition for rehearing." This summary disposition plainly reflects an advertent decision that criminal judgments are nonfinal for purposes of appeal so long as timely rehearing petitions are pending.[18]

The Court noted its practice of treating "petitions for rehearing by the United States in criminal cases . . . as having the same effect on the permissible time for seeking review as do similar petitions in civil cases and in criminal cases in which the Government has won below."[19] Concluding that the "appeal was timely filed and that the Court has jurisdiction to determine the case on its merits,"[20] the Court emphasized the prudential underpinnings:

> Of course speedy disposition of criminal cases is desirable, but to deprive the Government of the opportunity to petition a lower court for the correction of errors might, in some circumstances, actually prolong the process of litigation -- since plenary

---

[17] *Id.* at 77–78 (citation omitted).

[18] *Id.* at 78 (citations omitted).

[19] *Id.* at 78–79.

[20] *Id.* at 80.

consideration of a question of law here ordinarily consumes more time than disposition of a petition for rehearing -- and could, in some cases, impose an added and unnecessary burden of adjudication upon this Court. *It would be senseless for this Court to pass on an issue while a motion for rehearing is pending below*, and no significant saving of time would be achieved by altering the ordinary rule to the extent of compelling a notice of appeal to be filed while the petition for rehearing is under consideration.[21]

In *United States v. Dieter*, the Supreme Court made quick work in a per curiam opinion of an attempt by the U.S. Court of Appeals for the Tenth Circuit to carve out an exception to *Healy*.[22] In *Dieter*, the District Court dismissed the indictment on 4 October 1974, the government filed a motion to set aside the dismissal order on 16 October, the District Court denied that motion on 6 November, and the government filed a notice of appeal pursuant to 18 U.S.C. § 3731 the following day.[23] The Tenth Circuit "dismissed the appeal, holding that it was untimely because the notice of appeal had not been filed until 34 days after entry of the October 4 order and hence fell outside the 30-day limitation period for a Government appeal from an order dismissing an indictment."[24] The Tenth Circuit acknowledged *Healy*, but attempted to narrow its holding only to "petitions for rehearing which [] assert an alleged error of law."[25] The Supreme Court would not have it:

> The Court of Appeals misconceived the basis of our decision in *Healy*. We noted there that the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending. To have held otherwise might have prolonged litigation and unnecessarily burdened this Court, since plenary consideration of an issue by an appellate court ordinarily requires more time than is required for disposition by a trial court of a petition for rehearing. The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity

---

[21] *Id.* at 80 (emphasis added) (footnote omitted).

[22] 429 U.S. 6 (1976) (per curiam).

[23] *Id.* at 6–7.

[24] *Id.* at 7 (footnote omitted).

[25] *United States v. Ibarra*, 502 U.S. 1, 6 (1991) (per curiam).

promptly to correct their own alleged errors, and we must likewise be wary of imposing added and unnecessary burdens on the courts of appeals. These considerations fully apply whether the issue presented on appeal is termed one of fact or of law, and the Court of Appeals' law/fact distinction—assuming such a distinction can be clearly drawn for these purposes—finds no support in *Healy*. It is true that the Government's post-dismissal motion was not captioned a "petition for rehearing," but there can be no doubt that in purpose and effect it was precisely that, asking the District Court to reconsider a question decided in the case in order to effect an alteration of the rights adjudicated.[26]

In *United States v. Ibarra*, the Supreme Court did away with another attempt from the Tenth Circuit to establish an exception to *Healy*.[27] In *Ibarra*, the District Court granted a defense motion to suppress evidence, and the government filed a motion for reconsideration of the suppression order within 30 days.[28] The District Court denied that motion for reconsideration, and the government filed a notice of appeal pursuant to 18 U.S.C. § 3731 "less than 30 days after the denial of the motion for reconsideration but 76 days after the initial suppression order."[29] The Tenth Circuit "dismissed the appeal as untimely," determining "that the 30-day period was not affected by the Government's motion to reconsider. It instead created a special rule for motions that seek reconsideration of previously disavowed theories because it concluded that suspending the time to appeal upon such motions does not further the goals described in *Dieter*."[30] Essentially, in the Tenth Circuit's view, *Healy* and *Dieter* did not apply to motions for reconsideration that (again, in the Tenth Circuit's view) lacked merit. The Supreme Court disagreed:

> Undoubtedly some motions for reconsideration are so totally lacking in merit that the virtues of the rule established in *Healy* are not realized by delaying the 30-day period. If it were possible to pick them out in advance, it would be better if litigants pursuing such motions were made to go sooner, rather than later, on their fruitless way to the appellate court. But there is no cer-

---

[26] *Dieter*, 429 U.S. at 8–9 (cleaned up).

[27] 502 U.S. at 1.

[28] *Id*. at 3.

[29] *Id*.

[30] *Id*. at 3, 5.

tain way of deciding in advance which motions for reconsideration have the requisite degree of merit, and which do not. Given this, it is far better that all such motions be subsumed under one general rule -- the rule laid down in *Healy*. Without a clear general rule litigants would be required to guess at their peril the date on which the time to appeal commences to run. Prudent attorneys would be encouraged to file notices of appeal from orders of the district court, even though the latter court is in the course of considering a motion for rehearing of the order. Less prudent attorneys would find themselves litigating in the courts of appeals whether a motion for reconsideration filed in the district court had sufficient potential merit to justify the litigant's delay in pursuing appellate review. Neither development would be desirable.[31]

And with that, the Supreme Court left unsullied *Healy*'s rule "that a motion for rehearing in a criminal case . . . renders an otherwise final decision of a district court not final until it decides the petition for rehearing."[32]

We previously considered the impact of this precedent in the Article 62 context. In *United States v. Santiago*, we said:

We note that the Manual [for Courts-Martial] allows a party to request reconsideration of a military judge's ruling, but does not address the timeliness of such a request. R.C.M. 905(f). In [*United States v. Martinez*, 681 F.2d 1248 (10th Cir. 1982)], the Court made a similar observation with respect to the rules governing criminal and appellate procedures, but determined from *Healy* and [*Dieter*] that a motion for rehearing or reconsideration of a judgment at the trial level is timely so long as it is filed within the 30-day period provided by statute or appellate procedural rules to appeal that judgment. *Martinez*, 681 F.2d at 1252-53. Therefore, based upon *Healy* and its progeny, we believe that it is appropriate to apply the time limits from Article 62, UCMJ,

---

[31] *Id*. at 6–7 (citation omitted).

[32] *Id*. at 6. The Court noted, however, that it had "no occasion to consider whether instances of bad faith might require a different result," and "no occasion to consider whether it is appropriate to refuse to extend the time to appeal in cases in which successive motions for reconsideration are submitted." *Id*. at 7 n.3. Neither do we.

and R.C.M. 908 to reconsideration requests, as well, in assessing
their timeliness for purposes of possible appeal.[33]

We have not, however, considered the impact of an *outstanding* motion for
reconsideration, as we have here, upon an Article 62 appeal. *Healy*, *Dieter*, *Ibarra*, and *Santiago* all involved *resolved* motions for rehearing or reconsideration. Does this twist constitute an elusive exception to *Healy*'s rule that a motion for reconsideration renders the underlying ruling non-final for purposes of
a government appeal? Again, we turn to federal courts interpreting 18 U.S.C.
§ 3731 for guidance.

In *United States v. Emens*, the District Court granted a defense motion to
suppress evidence and dismissed the superseding indictment on 29 March
1976, and the government moved for reconsideration on 6 April 1976.[34] The
District Court denied the motion for reconsideration on 19 April 1976, but only

---

[33] 56 M.J. 610, 615 (N-M Ct. Crim. App. 2001). The U.S. Air Force Court of Criminal
Appeals and the U.S. Court of Military Commission Review have similarly opined. *See
United States v. Saunders*, Misc. Dkt. No. 2014-15, 2015 CCA LEXIS 156 at *5–6 (A.F.
Ct. Crim. App. Apr. 17, 2015) (unpublished) ("In order for this court to have jurisdiction
to review a military judge's ruling, the government must have filed either a motion for
reconsideration or notified the military judge of its appeal within 72 hours of the initial
ruling. Article 62(a)(2), UCMJ; *United States v. Daly*, 69 M.J. 485, 486 (C.A.A.F. 2011).
The military judge's initial ruling was issued at 1720 hours on 7 October 2014, making
the government's motion for reconsideration or notice of appeal due before 1720 hours
on 10 October 2014. . . . [T]he government's motion [for reconsideration] was filed at
1359 hours on 10 October 2014. We therefore find the government's reconsideration
motion was filed in a timely manner, as was its notice of appeal [of 26 November 2014]
following the military judge's denial of that motion." (footnote omitted)); *United States
v. Khadr*, 753 F. Supp. 2d 1178 (C.M.C.R. 2008) ("We adopt the Supreme Court and
other federal courts' approach to determining the timeliness of a reconsideration motion or a rehearing motion, at least for purposes of a later appeal from the judge's
decision on such a motion. That is, for a motion for reconsideration to be considered
timely, so as to render the underlying order or ruling 'nonfinal' for purposes of a later
appeal, the motion for reconsideration must itself be filed within the applicable time
period for appeal. . . . Applying the above to trials by military commission, we hold that
for a motion for reconsideration to be 'timely,' such that it renders the underlying order
or ruling non-final until a decision on the motion is rendered, the motion for reconsideration must itself be filed within the five-day appeal period mandated by 10 U.S.C. §
950d. Once a decision on a timely motion for reconsideration is issued, the Government
then has five days to file a notice of appeal of that decision, if desired.").

[34] 565 F.2d 1142, 1143 (9th Cir. 1977).

because it believed it lacked jurisdiction to reconsider the order.[35] The government appealed to the U.S. Court of Appeals for the Ninth Circuit pursuant to 18 U.S.C. § 3731 on 22 April 1976.[36] Since the District Court did not consider the merits of the motion for reconsideration, the Ninth Circuit remanded the case:

> The [Supreme] Court's decision in *Healy* is dispositive of the issue here presented. The running of appeal time is not involved here; however, the finality of the order of the District Court dismissing the indictment was stayed by the timely filing of a petition for [reconsideration], a fortiori such order was stayed pending resolution of the petition.
>
> Certainly district courts have a wide latitude to refuse reconsideration of their prior decisions. However, the District Court here denied the rehearing, not through the exercise of a judicial prerogative or discretion, but rather because it believed it lacked jurisdiction to reconsider its order of suppression and dismissal.
>
> The record before us is incomplete . . . .
>
> We hold that the District Court does have jurisdiction and should first address the merits of the Government's motion for reconsideration in a revaluation of the legal worth of the order of suppression and ensuing dismissal of the superseding indictment.[37]

With an unresolved motion for reconsideration lingering below, the Ninth Circuit was constrained by *Healy* from reviewing the District Court's non-final order. Since "Article 62 was intended by Congress to be interpreted and applied in the same manner as the Criminal Appeals Act, 18 USC § 3731,"[38] we find the Ninth Circuit's rationale persuasive and reach the same conclusion here.

In order to seek relief from the military judge's adverse ruling while also preserving its right to appeal, the Government had 72 hours to either move for reconsideration or provide notice of appeal to the military judge. The Government chose the former, and under the facts before us, it must stay the course. The U.S. Court of Appeals for the Seventh Circuit's characterization of *Healy*

---

[35] *Id.*

[36] *Id.*

[37] *Id.* at 1145 (citation and footnote omitted).

[38] *United States v. Brooks*, 42 M.J. 484, 486 (C.A.A.F. 1995) (citations omitted).

and *Dieter*'s effect, though in a non-criminal law context, is equally applicable here:

> As the [Supreme] Court observed in *Dieter*, the district court's action on a motion for rehearing may eliminate the need for an appeal or clarify the basis of the district court's action. An appeal while the request for rehearing is pending may be premature, as it will present for appellate review a judgment that may no longer represent the district court's conclusions. . . . So to ensure that the district court has the power to correct its judgment, and that the court of appeals reviews only the district judge's ultimate conclusions, it is necessary to hold that a timely motion to reconsider makes the judgment non-appealable. The appeal lies only from the order disposing of the request for reconsideration.[39]

We certainly do not suggest that the government must request reconsideration of an order or ruling before pursuing an Article 62 appeal. We hold only that when the government *does* move for reconsideration of an order or ruling at the trial level, this Court cannot entertain an interlocutory appeal with respect to that order or ruling unless: (1) the government filed the motion for reconsideration within 72 hours of the order or ruling; (2) the military judge has performed his or her duty to rule on the motion for reconsideration;[40] and (3) the trial counsel provided the military judge with written notice of appeal within 72 hours of the military judge's ruling on the motion for reconsideration.[41] We also do not suggest that the government cannot withdraw a motion for reconsideration.[42] We merely recognize that the Government did not do so here, and we will not ignore that fact by judicially fashioning a rule of *de facto*

---

[39] *In re X-Cel, Inc.*, 823 F.2d 192, 193 (7th Cir. 1987).

[40] *See* R.C.M. 801(a) ("The military judge *shall* . . . (4) Rule on all interlocutory questions and all questions of law raised during the court-martial . . . ." (emphasis added)). Military judges are under no obligation to grant motions for reconsideration, much less change their rulings. They are obligated, though, to rule on *whether* to reconsider.

[41] Other jurisdictional requirements must of course be satisfied. That is, the ruling or order at issue must be of a kind listed in Article 62(a)(1). We do not pass on whether the military judge's ruling in this case constitutes one "which excludes evidence that is substantial proof of a fact material in the proceeding." Article 62(a)(1)(B).

[42] In accordance with *Healy* and its progeny, it is the *ruling* upon a timely motion for reconsideration that resets the 72-hour clock, and not the filing itself. Therefore, the government is bound by the 72-hour window from the underlying order or ruling if the government withdraws a motion for reconsideration before it is ruled upon.

withdrawal against *Healy*'s headwinds. In light of the well-established rule that a motion for reconsideration renders the underlying ruling non-final for purposes of appeal, we do not presently have an appealable ruling before us.

## III. CONCLUSION

The appeal is **DISMISSED**. The stay of proceedings is **LIFTED**. The case is returned to the Judge Advocate General for remand to the military judge for further proceedings consistent with this opinion.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court